Teresa M. CONTARDO,

v.

MERRILL LYNCH, PIERCE, FENNER AND SMITH.

Civ. A. No. 86–1081–S.

United States District Court, D. Massachusetts.

April 28, 1988.

Nancy Gertner, Michael L. Altman, Silverglate, Gertner, Fine, Good & Mizner, Boston, Mass., for plaintiff.

Bryan G. Killian, Phyllis Fine Menken Sherin and Lodgen, Boston, Mass., for defendants.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL (# 77)

ROBERT B. COLLINGS, United States Magistrate.

Plaintiff has noticed the deposition of Roz Goldberg, an employee of the defendant stationed in New York City, for April 29, 1988. It is important to note that the deposition which has been noticed is not a deposition of the defendant. The plaintiff could have noticed the deposition of the defendant by Roz Goldberg pursuant to Rule 30(b)(1), F.R.Civ.P., only if Roz Goldberg is an officer, director or managing agent of the defendant. *See GTE Products Corporation v. Gee,* 115 F.R.D. 67 (D.Mass., 1987). Since it does not appear on the present record that Roz Goldberg is an officer, director or managing agent of the defendant, the option of noticing the deposition of the defendant by Roz Goldberg pursuant to Rule 30(b)(1), F.R.Civ.P., is not available.

Apparently aware of this, plaintiff's counsel correctly arranged to have Roz Goldberg served with a deposition subpoena pursuant to Rule 45(a), F.R.Civ.P., and has noticed the deposition to take place in New York City as required by Rule 45(d)(2), F.R.Civ.P.

However, the deposition subpoena which has been served on Roz Goldberg is a subpoena *duces tecum* pursuant to Rule 45(b), F.R.Civ.P., and commands Roz Goldberg to produce at her deposition documents which are clearly within the custody, control and possession of the defendant and only within Roz Goldberg's custody, control and possession because she is an employee of the defendant.

An objection to the subpoena *duces tecum* has been filed; in response, the plaintiff has filed Plaintiff's Motion To Compel (# 77) seeking an order from this Court "... compelling the *defendant* to produce the documents subpoened to the deposition of defendant's employee, Roz Goldberg ..." (emphasis supplied).

A hearing was held before the undersigned on April 26, 1988. After said hear-

ing, it is ORDERED that Plaintiff's Motion To Compel (# 77) be, and the same hereby is, DENIED.

■ To the extent that the motion seeks an order compelling Roz Goldberg to comply with the subpoena, the motion is brought in the wrong court. Roz Goldberg is not a party to this action; the deposition is not of a party. In such circumstances, Rule 37(a)(1), F.R.Civ.P., is applicable. That rule provides:

An application for an order to a *party may* be made to the court in which the action is pending, *or*, on matter relating to a deposition, to the court in the district where the deposition is being taken. An application for an order to a *deponent who is not a party shall* be made to the court in the district where the deposition is being taken.

Emphasis supplied.

Roz Goldberg being a deponent who is not a party, any motion to compel her to comply with the subpoena must be made in the U.S. District Court for the Southern District of New York. I have no power to issue any orders to her respecting her deposition.

I do not deny plaintiff's motion on this basis alone. The plain fact is that plaintiff's motion, by its own terms, does not seek an order directing Roz Goldberg to produce documents; rather, plaintiff seeks an order compelling the *defendant* to produce documents in New York City at Roz Goldberg's deposition. I certainly have the power under Rule 37(a)(1), F.R.Civ.P., to rule on a motion seeking to have a party produce documents pursuant to the rules governing discovery.

However, plaintiff is not entitled to an order compelling the defendant to produce the documents. Discovery of documents from a party is *not* accomplished pursuant to Rule 45(b), F.R.Civ.P. That rule governs discovery of documents in the possession, custody and/or control of non-parties. Discovery of documents from parties is governed by Rule 34, F.R.Civ.P. While it is permissible pursuant to Rule 30(b)(5), F.R.Civ.P., to serve a request for production of documents to a party at the same time as a notice of deposition of that party is served and to seek production of the documents at the deposition, the request for production of documents must comply with the provisions of Rule 34, F.R.Civ.P. In fact, it would have been permissible for the plaintiff in this case to have served a request for production of documents on the defendant seeking production of the documents at the time and place of Roz Goldberg's deposition in New York City provided that the request otherwise complied with Rule 34, F.R.Civ.P.

However, in the instant case, plaintiff has failed to comply with Rule 34, F.R. Civ.P. That rule mandates that, absent an order of the Court, a party shall have thirty days to serve a response (including objections) to the request. Plaintiff's Notice Of Taking Deposition (# 69) which contained as Exhibit A a document describing the documents which Roz Goldberg was required to bring with her to her deposition on April 29, 1988 was served on the defendant by mail on April 20, 1988 and filed in Court on April 25, 1988. Thus, even if Exhibit A is construed as a request to the defendant to produce documents on April 29, 1988 at Roz Goldberg's deposition in New York City pursuant to Rule 34, F.R. Civ.P., the motion must be denied as premature.

■ In sum, a party cannot secure documents from an opposing party by serving a deposition subpoena *duces tecum* on an employee of the opposing party commanding production of the party's documents at the deposition unless the provisions of Rule 34, F.R.Civ.P., are followed. Since counsel for the plaintiff has not followed the procedures of Rule 34, F.R.Civ.P., in requesting the documents which it seeks to have the Court order the defendant to produce on April 29, 1988, plaintiff's motion to compel must be denied.

■ In addition, on February 17, 1988, the District Judge to whom this case is assigned issued an Order which provided, in pertinent part, as follows: "Discovery extended to June 30, 1988 for purposes of depositions only." I interpret this Order to

prohibit any further discovery in this case by means of serving requests for production of documents pursuant to Rule 34, F.R.Civ.P. If plaintiff's attorneys desire to request documents from the defendant, they must first file a motion seeking leave from the District Judge to serve such a request. Plaintiff cannot circumvent the District Judge's Order by serving a subpoena *duces tecum* upon an employee of the defendant commanding the employee to produce documents within the custody, control and/or possession of the defendant.

However, I do not believe that the District Judge's Order prohibits the serving of a deposition subpoena *duces tecum* upon a non-party seeking production of documents *provided* that the non-party is not an employee of the defendant and that the documents requested are not documents within the possession, custody and/or control of the defendant.

Nothing herein precludes counsel for the plaintiff from taking the deposition of Roz Goldberg on April 29, 1988; as noted *supra,* that deposition was properly noticed and, presumably, service upon Ms. Goldberg has been made. The within Order only affects that part of the subpoena which commands the production of documents.