Andrew J. CARTER, Plaintiff,

v.

**UNITED STATES OF AMERICA, Defendant.**

**Civil Action No. 94–40093 FHF.**

United States District Court, D. Massachusetts.

Dec. 27, 1995.

Stephen R. Kaplan, Northampton, MA, for Andrew J. Carter.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for U.S.

*MEMORANDUM AND ORDER OF COURT ON PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AT DEPOSITIONS (Docket No. 36)*

NEIMAN, United States Magistrate Judge.

The matter before the Court concerns Plaintiff Andrew J. Carter's Motion to Compel Production of Documents at Depositions. At issue is the interrelationship of Federal Rules of Civil Procedure 30(b)(5) and 34 and the Court's scheduling order.

On September 20, 1995, Plaintiff served three deposition notices, one on the director of the Veterans Administration Medical Center in Northampton, Massachusetts, one on the director of the Veterans Administration Medical Center in Newington, Connecticut, and one on the United States Department of Veterans Affairs. Each notice indicated that Plaintiff would take the deposition of "an officer designated by the Director" and required the witness to bring authentic copies of specifically enumerated documents.

Defendant United States of America objected to the depositions on a variety of grounds including, as a common ground, that the request for the production of certain documents within each deposition notice was untimely. In addition, Defendant objected to the document requests on the grounds of relevancy, undue burden and the violation of Local Rule 26.1(C) limiting a party to two sets of requests for production. Defendant asserts that the Court's original scheduling order, as extended, set a deadline for serving written discovery requests which deadline had long since passed by the time Plaintiff noted the depositions at issue.

For the reasons set forth below, the Court denies Plaintiff's motion to compel. The Court does not, however, foreclose Plaintiff's right to seek a Rule 30(b)(6) deposition, together with relevant, but limited, documents related to such deposition.

### PROCEDURAL BACKGROUND

Plaintiff filed this medical malpractice action on or about June 29, 1994. The initial scheduling order established a February 28, 1995 deadline for serving written discovery requests. See Docket No. 11. That scheduling order also provided that non-expert depositions were to be completed by July 31, 1995. By subsequent assented-to motions, the discovery deadlines were extended by six weeks.

Plaintiff served his first request for production of documents on November 9, 1994. Defendant initially responded to the request on January 9, 1995 and supplemented its response on January 23, 1995. On June 16, 1995, Plaintiff filed a motion to compel production of documents which addressed certain attorney-client and work-product privileges raised by the Defendant. In a Memorandum and Order of August 23, 1995, this Court denied Plaintiff's motion.

On June 29, 1995, Plaintiff served interrogatories, a request for admissions and a second request for production of documents. Then, on September 20, 1995, Plaintiff served notices of the depositions now at issue.

Those notices appear to have been based on Rule 30(b)(6), although Plaintiff referenced no specific rule and, other than seeking certain documents, failed to specify the matters on which the examinations were requested.

### DISCUSSION

Plaintiff asserts that, to the extent the Court's scheduling order specifically permits the taking of non-expert depositions, the rules with respect to such depositions trump the time limit for written discovery established by that same scheduling order. Plaintiff argues that Fed.R.Civ.P. 30(b)(5), which provides for depositions upon oral examination, specifically allows a notice to a party deponent to "be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition." Rule 30(b)(5) goes on to provide that "[t]he procedure of Rule 34 shall apply to the request." Plaintiff also relies on the 1970 advisory committee notes which indicate that Rule 30(b)(5) was inserted "to enable a party, through service of notice, to require another party to produce documents or things at the taking of his deposition."

In counterpoint, Defendant asserts that the requests for production of documents, incorporated in the deposition notices, were untimely, coming as they did five months after the expiration of the extended deadline for serving written discovery requests. Thus, while the Court's scheduling order allowed for the taking of depositions during the time scheduled by Plaintiff, the period for seeking documents from the Defendant had long since expired. Defendant argues, therefore, that Plaintiff is seeking to do indirectly what he cannot do directly, namely, obtain documents through depositions after the time for written discovery had expired. Relying on *Contardo v. Merrill Lynch, Pierce, Fenner & Smith*, 119 F.R.D. 622 (D.Mass.1988), Defendant argues that, while the rules allow for production of documents at depositions, that procedure should not provide a mechanism for circumventing court-imposed discovery deadlines.[1]

---

1. Defendant concedes, that Plaintiff has the right to seek the production of documents in deposi-

tions noted to *non*-parties. Since depositions provide the only mechanism by which a party

In *Contardo,* Magistrate Judge Robert B. Collings recognized the relationship of Rule 30(b)(5) to Rule 34, which gives a party thirty days to serve a response to a request for the production of documents, including a document request incorporated into a deposition notice. Judge Collings held that the plaintiff had failed to comply with the time limits of Rule 34 to the extent his deposition notice, directed at a non-party, was also directed at a party for purposes of document production. *Id.* at 624–25. Judge Collings, however, did not address the question before this Court, namely, whether that part of a deposition notice which seeks the production of documents from a party may be foreclosed, either directly or impliedly, by a court's scheduling order in which the time for written discovery expired. As explained below, the answer to that question depends on the nature and volume of the documents or things sought by the deposition notice.

■ Although Plaintiff relies on the 1970 advisory committee notes to support his motion to compel, he fails to cite that part of the note to Rule 30(b)(5) which is specifically on point with regard to the question before the Court:

> Whether production of documents or things should be obtained directly under Rule 34 or at the deposition under this rule will depend on the nature and volume of the documents or things. Both methods are made available. When the documents are few and simple, and closely related to the oral examination, ability to proceed via this rule will facilitate discovery. If the discovering party insists on examining many and complex documents at the taking of the deposition, thereby causing undue burdens on others, the latter may, under Rules 26(c) or 30(d), apply for a court order that the examining party proceed via Rule 34 alone.

In essence, a document request under Rule 30(b)(5) is a complement to a Rule 30 deposition, not a substitute for a Rule 34 document request. This guideline is entirely in accord with the spirit, if not the letter, of this Court's scheduling order. Thus, while non-

expert depositions, indeed expert depositions, may be completed pursuant to this Court's scheduling order by a date later than that for written discovery requests, document requests which fall under the rubric of a Rule 30(b)(5) deposition should be "few and simple" and "closely related to the oral examination" sought. Otherwise, the Court may assume that the document request falls under Rule 34 and, as such, is barred as untimely under the Court's scheduling order.

■ Plaintiff has made little secret of the fact that his deposition notices were directed more at the documents enumerated than the testimony sought. Indeed, the Plaintiff's deposition notices appear, at least in part, to come out of his frustration with the "inadequate and misleading response to our prior request for production of documents." Plaintiff's Memorandum in Support of Motion to Compel Production of Documents at Depositions (Docket No. 37), at 2. As noted at oral argument, however, Plaintiff's motion to compel does not arise from his previous request for production of documents. Instead, Plaintiff's motion is specifically directed at the three oral deposition notices, to which Defendant objected as not only untimely, but as irrelevant and unduly burdensome as well. Further, by Plaintiff's own admission, one purpose of the depositions was to establish certain negatives with respect to the documents sought, for example, that certain documents did not exist and that certain psychiatric evaluations were not done. See id. at 5, 9.

In the Court's view, the deposition notices, heavily laden with document requests and divorced from any articulated bases for the oral testimony, were merely alternative means for Plaintiff to avoid the expiration of his right to written discovery. As such, Plaintiff's deposition notices were improper and his motion to compel must be denied.

By denying his motion, the Court is not suggesting that Plaintiff return with a motion to compel directed at Defendant's alleged failure to adequately comply with previous requests for document production. In fact, as the Court understands it, Plain-

---

can seek documents from a non-party, the deadline for serving written discovery requests does

not preclude seeking documents at non-party depositions. See *Contardo,* 119 F.R.D. at 624.

tiff possessed many, if not all, of the documents sought, having made a direct request of the subject institutions, and Defendant was enabled thereby to refer Plaintiff to the documents already in his possession. Defendant's dereliction with respect to these document requests, as described by Plaintiff's counsel at oral argument, has more to do with the categorization of information already in Plaintiff's possession than with Defendant's failure to produce documents. Given that posture, the Court can not do the work which Plaintiff himself must do to classify and address the import of the documents.

Accordingly, Plaintiff shall have until January 12, 1996, to note the Defendant for deposition under Rule 30(b)(6), describing with reasonable particularity the matter(s) on which the examination is requested. Plaintiff may also request therein the production of documents in accord with Rule 30(b)(5), which shall be few and simple and closely related to the oral examination. Finally, the Court has reviewed the various requests for production which Plaintiff included in his prior notices of deposition and, by way of guidance, has made the following determinations with regard to the relevancy, burdensomeness and privilege of the documents sought:

1. July 17, 1992 claim notice and forwarding letters: Noting that Plaintiff already has copies of the documents sought, Defendant has agreed that it would nonetheless produce its copies of the letters. Other than Defendant's compliance with this agreement, the production of the notice and letters through a Rule 30(b)(6) deposition would be unduly burdensome.

2. Face pages and forwarding letters of all HSRO–SERP evaluations from 1987 to 1995 and the institutions' responses: Plaintiff seeks production of certain quality assurance materials and asserts that the absence of such materials would demonstrate noncompliance with 38 U.S.C. § 7311 and infer negligence. Plaintiff, however, has failed to demonstrate the specific relevance of that information to his particular case. Accordingly, the document request is irrelevant and unduly burdensome to the Defendant.

3. Documents relating to Dr. Joyce Millette: Plaintiff seeks information related to Dr. Millette's disciplinary or malpractice history, claiming that it was incumbent upon the Defendant to know about and implement certain limitations imposed by the Connecticut Medical Examining Board on Dr. Millette's right to practice medicine. The Court believes that information with respect to such limitations is relevant for purposes of discovery, particularly with regard to the period of time during which Plaintiff was treated by Dr. Millette.

4. Bed manuals: This request does not appear to be in dispute.

5. Formal psychiatric staffing reports: Plaintiff is already in possession of all medical records, including psychiatric evaluations, and the reproduction or labelling of the documents by Defendant is not appropriate. Plaintiff can direct relevant questions to the Rule 30(b)(6) designated deponent with respect to the records already in his possession.

6. Notices to the Plaintiff of incidents: It appears that Plaintiff is seeking to prove the negative, namely, that such notices do not exist. Again, Plaintiff is entitled to ask any relevant questions he wishes at a Rule 30(b)(6) deposition. The actual reproduction of any such documents is unduly burdensome.

7. Incident reports and reports of investigation: Defendant indicates that it has produced incident reports for the April 29, 1993 and September 27, 1993 incidents. Defendant also indicates that it does not have a report relating to other alleged incidents. That would appear to end the inquiry.

8. Follow up of investigative recommendations: Defendant indicates that any actions taken with respect to the care of Plaintiff are documented in the medical records previously produced. Plaintiff is entitled to pursue relevant questions with respect to this matter at a Rule 30(b)(6) deposition.

9. Request for x-rays: Again, Defendant reports that all x-rays are contained in the medical records. Accordingly, they need not be reproduced.

10. Staff and patient rosters: In essence, Plaintiff is seeking patient-staff ratios for the period of time that he was under care in Defendant's nursing home unit. These rosters, to the extent they can be provided in redacted form, appear relevant for one year prior to and during the time of Plaintiff's care.

11. Remedial action response to counsel's letter: Again, actions taken with respect to Plaintiff's care are documented in the medical records in his possession. Plaintiff can pursue relevant questions at a Rule 30(b)(6) deposition without the reproduction of these documents.

### CONCLUSION

Plaintiff's motion to compel the production of documents at depositions is DENIED, subject to Plaintiff's right, by January 12, 1996, to notice the Defendant for a Rule 30(b)(6) deposition, describing with particularity the matters on which the examination is requested, coupled with a narrow Rule 30(b)(5) request for production of documents closely related to the examination sought and further limited as described above.