Robert W. SMITH, Plaintiff,

v.

MIDLAND BRAKE, INC., Defendant.

No. 94–4165–DES.

United States District Court,
D. Kansas.

Aug. 8, 1995.

Leslie E. Diehl, Goodell, Stratton, Edmonds & Palmer, Topeka, KS, for plaintiff.

Mary K. Babcock, Kelly W. Milligan, Foulston & Siefkin, Wichita, KS, James Allan Smith, Dan T. Carter, Craig P. Siegenthaler, Daniel M. Shea, Smith, Currie & Hancock, Atlanta, GA, for defendant.

### MEMORANDUM AND ORDER

NEWMAN, United States Magistrate Judge.

Now pending before the court are the following motions:

1. Defendant's Motion to Quash (doc. 39).

2. Plaintiff's Motion to Compel Discovery (doc. 51).

This is an employment discrimination action alleging that defendant violated Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., the Kansas Act Against Discrimination, K.S.A. 44–1001, et seq., and the Kansas Age Discrimination in Employment Act, K.S.A. 44–1111, et seq. Plaintiff also claims that defendant violated Kansas public policy by discharging him in retaliation for pursuing workers' compensation claims.

On March 23, 1995, plaintiff served a subpoena duces tecum, by certified mail, upon Jon Anderson, Safety and Health Coordinator for defendant Midland Brake and custodian of the workers' compensation records and medical files, requiring that he appear on March 28, 1995, for deposition and produce the following:

> Any job description of your position which has been in existence since 1989 to the present; complete workers' compensation file of Joyce Thomas including, but not limited to, all medical documentation on file with Midland Brake, Inc.; the complete medical file regarding Joyce Thomas maintained by Midland Brake, Inc; complete personnel file of Joyce Thomas, including any files kept separately from her official file regarding her job duties, job performance and resignation and/or termination.

On March 28, 1995, defendant, Midland Brake, filed a motion to quash the subpoena. Mr. Anderson appeared at the deposition on March 28, 1995, however, upon instruction of counsel for defendant, his testimony was limited and he refused to produce all requested documents except the requested job description. Plaintiff, thereafter, filed a motion seeking an order compelling defendant to produce the remaining documents requested in the subpoena duces tecum and directing Mr. Anderson to reappear, at defendant's expense, for continuation of his deposition regarding the withheld records. The parties have filed their responsive memoranda.[1] The court is now prepared to rule.

Neither defendant nor plaintiff have complied with D.Kan.Rule 210(j). D.Kan. Rule 210(j) provides:

---

1. Defendant's Supplemental Memorandum of Law in Support of Midland Brake's Motion to Quash and Response to Plaintiff's Motion to Compel has not been considered by the court.

Unless otherwise ordered, the court will not entertain any motion to quash or modify a subpoena pursuant to Fed.R.Civ.P. 45(c)(3)(A), any motion to order appearance or production only upon special conditions pursuant to Fed.R.Civ.P. 45(c)(3)(B), or any motion under Fed.R.Civ.P. 26(c) or 37(a) unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion. **Counsel for the moving party shall file a certificate of compliance with this rule as a part of the motion describing the steps taken by all counsel to resolve the issues in dispute.** (Emphasis added.)

Defendant did not file a certificate of compliance evidencing the steps taken by counsel to resolve the issues raised in the motion to quash. Plaintiff did not file a certificate of compliance as to the motion to compel. The court could overrule both motions for noncompliance with D.Kan.Rule 210(j), however, the court will address the merits of each motion.

Defendant seeks an order quashing the subpoena duces tecum served upon Mr. Anderson on the grounds that the subpoena is an attempt to circumvent the provisions of the Scheduling Order establishing a deadline for serving requests for production of documents under Fed.R.Civ.P. 34. Defendant also objects to production of the documents pertaining to Joyce Thomas claiming they are irrelevant to any issue in the case.

Fed.R.Civ.P. 45(c)(3)(A) provides:

(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the

place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

The court's first inquiry is to the defendant's standing to challenge the subpoena in issue. A motion to quash or modify a subpoena duces tecum may only be made by the party to whom the subpoena is directed except where the party seeking to challenge the subpoena has a personal right or privilege with respect to the subject matter requested in the subpoena. *Kansas Health Care Association, Inc. v. Kansas Department of Social and Rehabilitation Services*, 1990 WL 255000 (D.Kan.1990). The subpoena was issued to and served upon Jon Anderson, therefore, the party entitled to challenge the subpoena under Fed.R.Civ.P. 45(c)(3)(A) is Mr. Anderson, unless a showing is made that defendant has a personal right to be protected or that the documents are subject to a privilege. Defendant has failed to make the required showing.

Fed.R.Civ.P. 45(c)(3)(A) enumerates four circumstances under which the court may enter an order quashing or modifying a subpoena. Defendant has failed to establish that any of the circumstances set forth in the Rule are applicable. The court, therefore, finds that defendant's motion to quash must be denied.

Plaintiff seeks an order compelling defendant to produce the documents requested by the subpoena duces tecum and requiring Mr. Anderson to reappear for continuation of his deposition. Defendant objects to such pro-

---

D.Kan.Rule 206(b) provides for the filing of a responsive memorandum and a reply. There is no provision for the filing of a supplemental memorandum of law absent leave of court which was not sought or granted.

duction on the grounds that the deadline established in the Scheduling Order for requesting production of documents under Fed.R.Civ.P. 34 expired February 13, 1995, and that the documents sought are irrelevant to any issue in the case. Plaintiff argues that production of documents under Fed.R.Civ.P. 34 is not sought. Rather, production is sought under Fed.R.Civ.P. 45.

Fed.R.Civ.P. 34 provides that any party may serve on any other party a request that the party produce for inspection and copying identified documents in the party's custody or control. The Rule establishes the procedure for response, objection and production. Fed.R.Civ.P. 45 permits the issuance of subpoenas for the production of evidence. A subpoena may also command the person on whom it is served to appear at deposition. Fed.R.Civ.P. 45 sets out the procedure for service of and response to a subpoena.

In the Scheduling Order, the court established February 13, 1995, as the deadline for serving "all requests for production under Fed.R.Civ.P. 34." There are no provisions other than the general discovery deadline for the issuance of subpoena duces tecum related to depositions. The language of the court's Scheduling Order is clear and unambiguous. It applies only to requests served under Fed.R.Civ.P. 34. The February 13, 1995, deadline does not apply to discovery under Fed.R.Civ.P. 45. Defendant's objection on this ground is overruled.

The court's inquiry does not end here. Plaintiff requests that the court compel **defendant** to comply with the subpoena by producing the documents sought therein. Before the court will order compliance with a subpoena, the party seeking such an order must establish that it has complied with the requirements of Fed.R.Civ.P. 45. A party may only be compelled to comply with a properly issued and served subpoena. The subpoena was issued to and purportedly served upon Jon Anderson, not the defendant corporation. Therefore, the court cannot require defendant to comply with the subpoena and produce the documents identified therein.

The court also finds that plaintiff has not established that it has complied with Fed.R.Civ.P. 45. Rule 45 provides "service of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person and by tendering to him the fees for one day's attendance and the mileage allowed by law." Service of a subpoena shall be made by delivering a copy to the person named therein. The proof of service herein reflects that the subpoena duces tecum was served upon Jon Anderson by certified mail. However, service of a subpoena may not be accomplished by mail. *FTC v. Compagnie De Saint–Gobain–Pont–A–Mousson,* 636 F.2d 1300 (D.C.Cir.1980). Subpoenas must be served upon the person. Further, the return of service reflects that Jon Anderson did not acknowledge receipt of the subpoena. Rather, the certified mail receipt reflects that the subpoena was received by Phyllis Gamfory. A final deficiency in service is plaintiff's failure to tender the required witness fee. Rule 45 requires simultaneous tender of a witness fee and the reasonably estimated mileage allowed by law with service of the subpoena. Failure to tender the witness fee and mileage allowance renders the subpoena invalid. *CF & I Steel Corporation v. Mitsui & Co. (U.S.A.), Inc.,* 713 F.2d 494 (9th Cir.1983). There has been no evidence that the subpoena served upon Mr. Anderson was accompanied by a witness fee or mileage allowance.

Fed.R.Civ.P. 30(b)(1) provides:

A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, . . . If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to, or included in, the notice.

There has been no evidence that plaintiff served a deposition notice in accordance with

this rule. While the formal notice might be waived by the parties when a deposition is taken by agreement, a deposition subpoena may only be issued under Fed.R.Civ.P. 45 when a notice to take the deposition of the witness has been served.

The court rejects defendant's argument that the issuance of the subpoena was precluded by the Scheduling Order. Notwithstanding, an election to obtain documents under Fed.R.Civ.P. 45 requires compliance with the provisions of that rule. The court overrules plaintiff's motion for an order compelling production of documents by defendant under the subpoena. Plaintiff's request for an order directing Mr. Anderson to reappear for continuation of his deposition is also overruled.

In summary, defendant's Motion to Quash (doc. 39) and plaintiff's Motion to Compel Discovery (doc. 51) are overruled.

IT IS SO ORDERED.