**Steven GATEWOOD, Plaintiff,**

v.

**STONE CONTAINER CORPORATION, Defendant.**

**Civil No. 4–95–cv–70712.**

United States District Court,
S.D. Iowa,
Central Division.

Dec. 24, 1996.

Roxanne Barton Conlin, Thomas J. Duff, Barton Conlin Law Firm PC, Des Moines, IA, for Steven M. Gatewood.

Helen C. Adams, Dickinson Mackaman Tyler & Hagen, Des Moines, IA, Carol Berlin Manzoni, Neil G. Wolf, Ross & Hardies, Chicago, IL, for Stone Container Corporation, defendant.

Neil A. Barrick, Barrick Law Office, Des Moines, IA, for Local 147 Intern. Broth. of Teamsters, Chauffeurs, Warehousemen & Helpers.

RULING ON PLAINTIFF'S MOTION TO COMPEL, OBJECTIONS TO SUBPOENA DUCES TECUM DIRECTED TO LOCAL 147, DEFENDANT'S MOTION TO COMPEL, PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT, AND JOINT MOTION TO CONTINUE CERTAIN PRETRIAL DEADLINES

WALTERS, United States Magistrate Judge.

The above motions are before the Court following telephonic hearing at which counsel for both parties appeared, as well as Mr. Neil A. Barrick, counsel for Local 147. The Court has carefully considered the arguments and statements of counsel, and their written submissions, and now rules as follows on the issues presented.

*Plaintiff's Motion to Compel Discovery.*

Plaintiff's motion to compel discovery is directed at his requests for production of documents nos. 10, 11, 18, and 20. Each concerns a different subject as discussed below.

*Personnel Files.* The fighting issue with respect to request for production no. 18 concerns the production of personnel files for

Tim Langham, Tom Randall, Jerry Shields and John Houston. Defendant objected that the request was "unduly broad and burdensome and [seeks] irrelevant information not reasonably calculated to lead to the discovery of admissible evidence...." Plaintiff alleges he was not promoted to the management position of team leader because of his race. A white co-worker was promoted. The four individuals in question were promoted to the team leader position between 1988 and 1992. Though they are in a different department, plaintiff alleges the same subjective promotion criteria were employed in their cases. There has been deposition testimony concerning plaintiff's qualifications for the job with reference to the promotion criteria and he wishes to see how others similarly situated have been assessed concerning the same criteria. Plaintiff believes the personnel files of the other team leaders will contain information useful in determining how defendant has applied the promotion criteria.

■ The discovery request is not "unduly broad and burdensome." Four employees are involved and presumably their personnel files could be readily obtained. With respect to the relevancy objection, the Court understands the selections of the other four persons as team leaders were made by other managers in a different department. However, the positions appear to be analogous and the selections were made employing the same criteria. The evidence resulting from the discovery may or may not be ultimately relevant to the issues in this case, however, the Court believes the request is sufficiently relevant "to the subject matter" involved in this action, and is "reasonably calculated to lead to the discovery of admissible evidence" so that discovery ought to be allowed. Fed. R.Civ.P. 26(b)(1).

*Statistical and General Workforce Information.* Request for production nos. 10, 11 and 20 sought, respectively, EEO-1 forms from 1985 to the present, Affirmative Action Plans from 1990 to the present, and OFCCP audits from 1990 to the present. Plaintiff claims the information may be relevant to defendant's motive in this disparate treatment case to the extent it is "indicative of a company-wide culture intolerant" of workers of a particular race. Plaintiff's Brief, at 10. Plaintiff has provided the affidavit of a statistical expert, Joseph Hraba, indicating he needs the EEO-1 forms and Affirmative Action Plans "in order to discern any trends in the composition of the employer's workforce" and "to examine the racial composition of applicant pools for managerial openings as well as to discern any patterns concerning the overall composition of the workforce at the Des Moines plant."

■ With respect to the EEO-1 forms, defendant responds that to the extent they reflect gender in the workforce, the forms are irrelevant. Defendant also claims those portions of the forms dealing with racial composition are irrelevant to determining whether defendant's assessment of plaintiff's qualifications was pretextual.

■ To the extent the EEO-1 forms deal with the racial composition of defendant's workforce they are relevant to the subject matter of the action. The Court in general agrees with plaintiff that when racial discrimination in a promotion decision is claimed, information concerning the racial composition of defendant's workforce, the qualified applicants for managerial positions, and defendant's attitude and efforts to hire and promote minorities generally, are discoverable. Relevancy in the discovery context is quite broad, and necessarily so where the central issue concerns the motive or intent behind the employment decision, which often must be inferred from other facts. Defendant's minority employment history and policies are a part of this factual background. "[I]t is not too strong to say that a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." 8 C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure,* § 2008, at 108–09. More commonly, the discovery issues will focus on the breadth and burden of the requests rather than relevancy. The motion to compel with respect to the forms will be granted, however, defendant may redact from the production those portions of the EEO-1 forms dealing exclusively with information pertaining to gender in the workforce.

■ The same ruling is made with respect to defendant's relevancy objection concerning the Affirmative Action Plans. *See Tharp v. Sivyer Steel Corp.*, 149 F.R.D. 177, 184–5 (S.D.Iowa 1993). In addition, defendant argues the plans are protected by the self-critical analysis privilege. On this subject, my predecessor, Judge Bennett, has held that the privilege has no applicability in employment discrimination litigation. *Id.* at 182, 185. The undersigned has previously declined to take a categorical approach. "The Supreme Court and the circuit courts have neither definitively denied the existence of a [self-critical analysis] privilege, nor accepted and defined its scope." *Dowling v. American Hawaii Cruises, Inc.*, 971 F.2d 423, 425 n. 1 (9th Cir.1992). The case for protecting self-critical analysis material exists only where, under the particular circumstances, the public has "a strong interest in preserving the free flow of the type of information sought" and the information is of a type "whose flow would be curtailed if discovery were allowed." *Id.* at 426. Even where these factors are present, in the balancing of interests the need for disclosure must be outweighed by the interests served in preventing disclosure. *See University of Pennsylvania v. EEOC*, 493 U.S. 182, 189, 110 S.Ct. 577, 582, 107 L.Ed.2d 571 (1990). Thus, the privilege, such as it may be, is not absolute. *See In re Crazy Eddie Securities Litigation*, 792 F.Supp. 197, 205 (E.D.N.Y. 1992). Further, it must be narrowly construed to include only "the analysis or evaluation itself, not ... the facts upon which the evaluation is based...." *Id.*

■ This Court believes self-critical analysis material should be treated as any other confidential business material, though with recognition of the public interest involved. The ordinary balancing process between a litigant's right to discover relevant information and the harm which may result from disclosure is sufficient to protect the interests implicated whenever discovery of such material is sought. *See* 8 C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 2043, at 559; Fed.R.Civ.P. 26(c). Indeed, as the authorities indicate, the question of whether a self-critical analysis privilege should be recognized in a particular case involves just the same sort of balancing of interests.

The motion to compel with respect to the Affirmative Action Plans, less those parts relating solely to gender, will be granted with this proviso. If defendant requests, the Court will review *in camera* those portions of the subject Affirmative Action Plans which defendant claims contain self-critical analysis or evaluation of such a character that the public interest in maintaining the reporting of the information would be harmed by disclosure. In identifying any such material, defendant should bear in mind the narrow circumstances which could warrant protection from discovery.

■ Plaintiff has modified his request for OFCCP documents to seek those received from or sent by OFCCP with respect to OFCCP compliance audits from 1990 to the present. The Des Moines facility was audited in 1990. The motion to compel will be granted with respect to the OFCCP audits. Again, the Court believes information bearing upon defendant's efforts to increase the employment opportunities of minorities are relevant to the subject matter of this action—the alleged disparate treatment of a minority employee in connection with a promotion.

*Subpoena Directed to Local 147.*

■ Defendant and Local 147 have objected to a subpoena duces tecum served by plaintiff seeking all "documents, charges, or grievances alleging racial harassment or discrimination filed by employees" of defendant from January 1990 to the present, and all similar material filed against or concerning plaintiff and Jerry Jordan from 1972 to the present. Jordan is the person hired for the team leader position sought by plaintiff. Though defendant and the union ask that the subpoena be quashed, they have not expressly moved to do so nor has plaintiff moved to compel. *See* Fed.R.Civ.P. 45(c)(2)(B), (3)(A). It is therefore not clear that the subpoena is formally before the Court. However, the issue was addressed at hearing and the Court will proceed as if enforcement of the

subpoena is properly before it as the parties appear to want resolution of the issue.

The union's concerns were largely resolved at the hearing. The union's objections to the subpoena are overruled subject to the following. The union need not produce any information in its files pertaining to insurance claims, medical or mental health problems, or substance abuse involving any employee or union member other than Gatewood and Jordan. In addition, plaintiff shall pay the union its reasonable expense in retrieving the information from its files. The Court was informed plaintiff and the union believe they can agree on the expense issue. Finally, if requested by the union, the information may be produced subject to an appropriate protective order which limits the use and dissemination of the material to the four corners of this case and those persons who need the information in connection with the litigation. The Court trusts the parties can agree on the terms of such an order.

 Defendant does not assert any personal right or privilege with respect to the subject matter of the subpoena. Accordingly, its objections are overruled. *See Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685 (D.Kan.1995).

*Defendant's Motion to Compel.*

Plaintiff objects to defendant's request for production no. 20 in which it sought all "medical records, reports, diagnosis, psychiatric reports, professional counseling reports," and the like relating to plaintiff's treatment for any physical or mental condition since January 1, 1985. He asserts the request is "overly broad, irrelevant and an invasion of privacy."

 Among his damages, plaintiff claims significant past and future mental and emotional anguish, $100,000 according to an answer to an interrogatory. The discovery request is relevant to the subject matter of the action because plaintiff has put his emotional health in issue. Generally, a defendant is entitled to discover whether there have been other stressors relating to plaintiff's mental and physical health during the relevant time period which may have contributed

to the claimed emotional distress. This is not diminished by the fact plaintiff has not sought medical or mental health care for the emotional distress resulting from the claimed discrimination. At the same time, the Court recognizes that a person's medical and mental health history involve private, personal information which ought not to be disclosed on the basis of attenuated relevance. The fact that plaintiff has claimed general emotional distress damages does not give defendant carte blanche to peruse plaintiff's medical history. Finally, the temporal scope of a discovery request for medical and mental health information should be appropriately limited.

The motion to compel will be granted to the extent plaintiff shall produce, and supplement his response to the request for production accordingly, all medical and mental health records within the scope of the request which relate to consultation or treatment since January 1, 1990 involving any surgery (however minor), hospitalization, illness which was not cured within six months, and any mental health issue. In addition, plaintiff shall produce any medical or mental health records for the same period which describe symptoms similar to those he complains of in this case: insomnia, loss of appetite, weight loss, and irritability. At plaintiff's request, the Court will review *in camera* specific records subject to production under this order with respect to which plaintiff claims his interest in maintaining the privacy of the information outweighs any need defendant may have for it. The Court does not believe plaintiff has any general First Amendment privacy interest with respect to his medical records which would be violated by the disclosure ordered above. In any event, a privacy interest of constitutional magnitude can only be assessed with reference to specific information.

*Motion for Leave to Amend Complaint.*

Plaintiff moves for leave to amend the complaint by adding retaliation, harassment, and pattern and practice claims to his existing complaint, and by adding new counts III and IV based on retaliation. Defendants resist, arguing plaintiff failed to exhaust his administrative remedies with respect to the

retaliation claims in counts I and II and his pattern and practice claims generally. In reply to the resistance plaintiff states he withdraws the allegations of a continuing pattern and practice of retaliation as pleaded in counts I and II of the proposed amended complaint.

 Plaintiff timely moved for leave to amend his complaint. The parties would have the Court adjudicate the merits of defendant's exhaustion of administrative remedies defense in connection with the present Rule 15(a) motion. In order to do so, the Court would have to consider extra-pleading material, specifically the charges filed with the EEOC and Iowa Civil Rights Commission. All that is presently before the Court is the question whether plaintiff should be allowed to amend his complaint to assert the additional retaliation and harassment claims. The Court's review of the merits on a Rule 15(a) motion is quite limited. "[A] party's motion to amend should be dismissed on the merits 'only if [it] assert[s] clearly frivolous claims or defenses.'" *Gamma–Ten Plastics v. American President Lines, Ltd.,* 32 F.3d 1244, 1255–56 (8th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1270, 131 L.Ed.2d 148 (1995) (quoting *Buder v. Merrill Lynch Pierce, Fenner & Smith, Inc.,* 644 F.2d 690, 695 (8th Cir.1981)). The new claim must be frivolous or clearly legally insufficient on its face to warrant denial of leave to amend on this ground. *See* 6 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1487, at 637. The amended complaint pleads exhaustion of administrative remedies. The Court cannot conclude from the face of the proposed amendment that the new harassment and retaliation claims are clearly frivolous or legally insufficient. The legal issues concerning the exhaustion of administrative remedies in this case should be raised by appropriate dispositive motion after the amendment is allowed. The motion for leave to amend will be granted without prejudice to defendant's argument that plaintiff has failed to exhaust his administrative remedies.

*Joint Motion to Continue Deadlines.*

The parties' joint motion to continue pretrial deadlines is granted as follows:

1. Plaintiff shall complete responses to written discovery regarding expert witnesses by March 14, 1997;

2. Defendant shall designate expert witnesses by May 1, 1997;

3. The discovery deadline is June 16, 1997;

4. The dispositive motion date is July 15, 1997;

5. The ready trial date is extended to October 20, 1997.

In view of the foregoing, the following orders are entered:

1. Plaintiff's motion to compel granted in part and denied in part as above. Defendant shall supplement its pertinent discovery responses and produce the documents subject to the motion to plaintiff's counsel, or where permitted, for *in camera* inspection, within thirty (30) days of the date hereof;

2. The objections to the subpoena duces tecum directed to Local 147 are overruled to the extent indicated in the discussion above. The parties shall proceed in accordance with the Court's ruling, and all documents subject to the subpoena shall be produced within thirty (30) days of the date hereof;

3. Defendant's motion to compel granted in part and denied in part as above. Plaintiff shall supplement its pertinent discovery responses and produce the documents subject to the motion to plaintiff's counsel, or where permitted, for *in camera* inspection, within thirty (30) days of the date hereof;

4. Plaintiff's motion to amend complaint granted, however, as plaintiff has withdrawn the proposed amendments relating to a continuing pattern and practice of retaliation, plaintiff shall file a revised amended complaint deleting reference to these subjects within twenty (20) days of the date hereof;

5. Joint motion to continue scheduling deadlines granted as above.

IT IS SO ORDERED.