MARVIN LUMBER AND CEDAR
COMPANY and Marvin Windows
of Tennessee, Inc., Plaintiffs,

v.

PPG INDUSTRIES, INC., Defendant
and Third–Party Plaintiff,

v.

ELF ATOCHEM NORTH AMERICA,
INC., a Pennsylvania Corporation,
Third–Party Defendant.

Civ. No. 4–95–739(ADM/RLE).

United States District Court,
D. Minnesota.

Oct. 24, 1997.

Donald J. Brown, Winthrop & Weinstine, St. Paul, MN, for Plaintiffs.

Cortney G. Sylvester, Halleland, Lewis, Nilan, Sipkins & Johnson, P.A., Minneapolis, MN, for Defendants.

## MEMORANDUM ORDER

ERICKSON, United States Magistrate Judge.

### I. *Introduction*

This matter came before the undersigned United States Magistrate judge; pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. § 636(b)(1)(A), upon the Plaintiffs' informal Motion for a Protective Order which would prohibit the Defendant from continuing to conduct discovery through the medium of Subpoenas *duces tecum* to non-party, third-persons.

A Hearing on the Motion was conducted on October 22, 1997, at which time the Plaintiff appeared by Donald J. Brown, Esq.; the Defendant appeared by Cortney G. Sylvester, Esq.; and the Third–Party Defendant appeared by William R. Stoeri, Esq.

For reasons which follow, we grant the Motion in part.

### II. *Discussion*

In our view, the issue before us is controlled by a determination as to whether Subpoenas *duces tecum* constitute "discovery" within the meaning of Rules 16 and 26, Federal Rules of Civil Procedure. We conclude that Rule 45 Subpoenas, which are intended to secure the pretrial production of documents and things, are encompassed within the definition of "discovery," as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery.

In pertinent part, Rule 26(a)(5) provides as follows:

Parties may obtain discovery by one or more of the following methods: *** production of documents or things *** under Rule *** 45(a)(1)(C), for inspection and other purposes ***.

Moreover, as to requests for the production of documents from "non-parties," Rule 34(c), Federal Rules of Civil Procedure, expressly provides:

> A person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45.

In turn, Rule 45, Federal Rules of Civil Procedure, requires a party, who wishes to subpoena documents or things, to serve a copy of the Subpoena upon the other parties to the action, as required by Rule 5(b), Federal Rules of Civil Procedure. See, Rule 45(b)(1) ("Prior notice of any commanded production of documents and things or inspection of premises before trial shall be served on each party in the manner prescribed by Rule 5(b).").

Had the drafters of the applicable Rules intended to exclude Rule 45 Subpoenas from the generally applicable restrictions on discovery, then we think they would not have taken such pains to assure a uniformity of treatment irrespective of the particular method of discovery being employed. For example, Rule 16(b)(3), Federal Rules of Civil Procedure, contemplates the entry of a "scheduling order that limits the time *** to complete discovery." Nowhere have the drafters attempted to exclude one or more methods of discovery from the time constraints which generally apply, nor have the parties here suggested a different timetable for the completion of discovery by way of Rule 45 Subpoenas. Indeed, discovery in

this matter closed on September 30, 1997, no one has requested that discovery continue and, quite pointedly, the parties have assured the Court that they were desirous of a firm discovery cutoff.[1]

■ Having concluded that Rule 45 Subpoenas are a method of "discovery" under Rule 26, we need only determine whether the Plaintiffs' request for protection is cognizable under Rule 26(c), Federal Rules of Civil Procedure. Of course, Rule 26(c) clearly contemplates the making of an Order that, in order to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," includes a directive that "disclosure or discovery not be had." We conclude, as the Supreme Court has long instructed, that the discovery Rules, including those prescribed by Rules 16 and 26, should be read in *pari materia*. In *Hickman v. Taylor*, 329 U.S. 495, 505, 67 S.Ct. 385, 390–91, 91 L.Ed. 451 (1947) the Court observed, as follows:

> It matters little at this late stage whether Fortenbaugh fails to answer interrogatories filed under Rule 26 or under Rule 33 or whether he refuses to produce the memoranda pursuant to a subpoena under Rule 45 or a court order under Rule 34. The deposition-discovery rules create integrated procedural devices.

We do not suggest that this is an issue of first impression in this District or, for that matter, elsewhere, and we find, in fact, that we respectfully disagree with the holdings of other Courts, including one within this District, which have addressed the same subject. In *Multi–Tech Systems v. Hayes Microcomputer Products*, 800 F.Supp. 825, 854 (D.Minn.1992), appeal dismissed, 988 F.2d

---

1. In opposing the Plaintiffs' Motion, the Defendant underscores and confirms its earlier representations to the Court, as follows:

> Most importantly, PPG has not sought, and does not intend to seek, an extension of the discovery deadline. With expert discovery continuing well into November, Marvin can hardly claim prejudice. Rather, Marvin is simply seeking to preclude another avenue of legitimate discovery.

We agree that the service of Rule 45 Subpoenas is a legitimate means of discovery, that necessarily expires, as is true with respect to all of the

other formal means of discovery, upon the passage of the discovery deadline. Here, However, the Defendant suggests that our Scheduling Order did not impose a requirement that all discovery documents be produced by September 30, but "directs only that discovery be commenced in time to meet the deadline, and PPG did its best to comply." While a novel argument, we find no room in the language of our Scheduling Order to allow a party to serve untimely discovery requests, and expect to obtain an Order compelling responses.

130 (Fed.Cir.1993) (Table),[2] the Court denied a request for a Protective Order, and reasoned as follows:

> The court finds that the magistrate ruling is not clearly erroneous. Hayes Inc. has not produced sufficient evidence indicating that Multi–Tech's subpoena constituted an untimely discovery request to warrant over-ruling the magistrate judge's decision. The close of discovery does not prohibit Multi–Tech from serving a subpoena duces tecum upon Ziff, because Ziff is a nonparty to the litigation, Ziff is not a subsidiary of Hayes Inc., Ziff is not a subsidiary of Hayes Inc., Ziff is not controlled by Dennis Hayes and the documents requested are not documents within the possession, custody or control of Hayes Inc.

In our considered view, however, where the effort is not to quash a Subpoena, as allowed by Rule 45(c)—which limits such remedies to the "persons subject to subpoenas"—the issue is not one of privity between a party and the subpoenaed third-person, but is one of case management under Rules 16 and 26. See, *Rice v. United States,* 164 F.R.D. 556, 558 (N.D.Okla.1995) ("Thus the better reasoned view is that the Rule 45 subpoenas duces tecum at issue before the Court are a form of discovery and, therefore, are subject to the Court's discovery deadline."); accord, *McNerney v. Archer Daniels Midland Company,* 164 F.R.D. 584, 588 (W.D.N.Y.1995); *Leach v. Quality Health Services, Inc.,* 162 F.R.D. 40, 41–42 (E.D.Pa.1995); *Arkwright Mutual Insurance Co. v. National Union Fire Insurance Co.,* 1995 WL 66405 *1–2 (S.D.N.Y., February 15, 1995).

The obligation of a party to monitor an opponent's discovery, as allowed by Rule 45 Subpoenas, is no less burdensome or expensive than that demanded by the other methods of formal discovery and, in fact, can be considerably more burdensome and expensive than those forms of discovery which are unquestionably regulated by Rule 16. Frequently, Rule 45 Subpoenas *duces tecum* are served, and enforced, at great distances from the residences of the parties, and from the forum in which the underlying legal proceedings pend, thereby necessitating the expenditure of travel time and money that can be avoided by the employment of other discovery mechanisms.

Moreover, to allow a party to continue with formal discovery—that is, discovery which invokes the authority of the Court—whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial, to continued involvement in the discovery, and in the nondispositive. Motion process we can find no plausible reason to exempt Rule 45 discovery from the time constraints that are applicable to all of the discovery methods recognized by the Federal Rules of Civil Procedure.

Accordingly, we grant the Plaintiffs' informal Motion to the extent of prohibiting the Defendant from serving, or enforcing, Subpoenas *duces tecum* which have a return date after September 30, 1997. If, however, the Defendant previously served a Subpoena *duces tecum,* which had a return date on or before September 30, 1997, and the person served with that Subpoena sought to quash the Subpoena, then the Defendant may seek to enforce that Subpoena. As would be the case with any other method of discovery, we know of no prohibition on the filing of a Motion to Compel a response to a Rule 45 Subpoena, which has been timely served so as to require a response which would otherwise have been due within the period in which discovery was allowed.

NOW, THEREFORE, It is—

ORDERED:

---

**2.** We also find the Courts' analysis in *O'Boyle v. Jensen,* 150 F.R.D. 519 (M.D.Pa.1993), and in *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683 (D.Kan.1995), unpersuasive for, in neither case, did the Court address the matter on grounds other than the absence of privity between a party to the litigation, and the third-person being subpoenaed. While, undoubtedly, privity is a key consideration in Motions to Quash a Subpoena, we are not here confronted with that issue. Rather, here we confront a Motion for Protective Order under Rule 26(c), Federal Rules of Civil Procedure. There can be no question as to the standing of the Plaintiffs to seek protection from discovery gone away.

That the Plaintiffs' Motion for a Protective Order is GRANTED, in part, as more fully explained in the text of this Order.