**Arnold ALPER, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ.A. No. 97–30194–MAP.**

United States District Court,
D. Massachusetts.

Jan. 5, 2000.

Lee D. Daniel, Northampton, MA, for Arnold Alper.

Karen L. Goodwin, U.S. Attorney's Office, Springfield, MA, for U.S.

## MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT'S MOTION TO QUASH SUBPOENA (Docket No. 35)

NEIMAN, United States Magistrate Judge.

The present dispute in this personal injury action takes place at the intersection of Rules 26, 34 and 45 of the Federal Rules of Civil Procedure. The United States of America ("Defendant") seeks to quash a subpoena issued by Arnold Alper ("Plaintiff") to Defendant's medical expert, Dr. Gerald Becker. Defendant claims that the subpoena, described by both parties as a "subpoena duces tecum," should be quashed because it is burdensome, seeks privileged material and circumvents the discovery schedule established by District Judge Michael A. Ponsor. In response, Plaintiff contends that the discovery deadlines do not apply to this "trial" subpoena, that the subpoena is not unduly burdensome, and that Defendant has not established that any of the documents sought should be exempt from disclosure as privileged.

For the reasons which follow, the court will allow Defendant's motion in large part. In essence, the court believes that the subpoena should be quashed, at least to the extent it seeks the production of documents, because it improperly circumvents the discovery schedule. Accordingly, the court sees no need to address Defendant's alternative arguments.

### A.

The subpoena commands the presence of Dr. Becker at trial, now scheduled for January 21, 2000. The subpoena also seeks the production at trial of a broad range of documents including, *inter alia*, Dr. Becker's financial and business records, notes and reports relating to Dr. Becker's examination of Plaintiff, transcripts of all trial and deposition testimony of Dr. Becker within the past five years, communications between Dr. Becker and Defendant's counsel with regard to the present case, Dr. Becker's fee agreement with Defendant, and Dr. Becker's curriculum vitae.

The discovery schedule required that Defendant disclose its experts by March 1, 1999, and Defendant did, in fact, provide Plaintiff with Dr. Becker's report on that date. The schedule also required that expert depositions conclude by April 15, 1999. Plaintiff, however, chose not to depose Dr. Becker.[1]

On May 17, 1999, Judge Ponsor held a final pre-trial conference, at which time the parties jointly reported that Dr. Becker may be called as a witness by Defendant. (*See* Joint Final Pre-trial Memorandum (Docket No. 25).) The trial was scheduled for September 20, 1999, subsequently postponed to December 1, 1999, and, then rescheduled to January 21, 2000. The instant subpoena was served on Dr. Becker on or about November 14, 1999.

---

1. Plaintiff offers several reasons why he did not depose Dr. Becker. First, Plaintiff contends, Defendant was uncertain "while discovery was open whether Dr. Becker would testify at the trial of this matter or whether his certified report would be utilized at trial without his appearance." (Pl.'s Mem. of Law and Points of Authority in Opp'n to Def.'s Mot. to Quash and Req. for Oral Argument ("Pl.'s Mem.") (Docket No. 37) at 1.) Second, Plaintiff explains that he elected not to depose Dr. Becker for "economic reasons" as it was "anticipated that the cost of both a transcriptionist and Dr. Becker's expert witness fee for the taking of his testimony would be significant." (Pl.'s Mem. at 1.) Only when Plaintiff's counsel was informed by Defendant that Dr. Becker would indeed appear at trial was the subpoena served. Third, Plaintiff explains that the subpoena was served because Plaintiff's counsel only recently learned that Dr. Becker had acted as an insurance defense expert in numerous matters. (Pl.'s Mem. at 2.) "In order to conduct effective cross-examination of Dr. Becker as to his bias, intent, credibility, and/or motivation to testify," Plaintiff continues, "the Subpoena requested Dr. Becker produce at the time of his testimony at trial records and other documentation which relate to his work on behalf of law firms, insurance companies, and medical examination companies in defense of negligence claims." (Pl.'s Mem. at 2.)

Plaintiff argues that the discovery timetable does not govern here. He notes that the subpoena is a "trial" subpoena, not a request for pre-trial discovery, and that it was served on Dr. Becker "only because he will appear to testify at the trial of this matter and Plaintiff desires to cross examine him at trial." (Pl.'s Mem. at 2.)

### B.

As noted, the subpoena requires Dr. Becker to appear at trial. If and to the extent Defendant is seeking to quash that aspect of the subpoena, its motion will be denied. Plaintiff has the right to command that Dr. Becker appear at trial for whatever reason. *See* FED.R.CIV.P. 45. In this regard, the court notes that Rule 45(b) requires that, if a person's attendance at trial is commanded by a subpoena, the issuing party must tender "the fee for one day's attendance and the mileage allowed by law." The court is unaware whether Plaintiff has complied with this provision.

The court, however, will quash that part of the subpoena which requires Dr. Becker to bring documents to the trial. In the court's opinion, Plaintiff's attempt to obtain discovery documents from a party's expert at trial via a Rule 45 subpoena is unauthorized by the federal rules.

As an initial matter, the court questions whether Plaintiff may invoke Rule 45 to obtain documents from Dr. Becker. As the court explained in a prior case, "[w]hile the language of Rule 45 ... may ... not be crystal clear, it is apparent ... that discovery of documents from a party, as distinct from a non-party, is not accomplished pursuant to Rule 45." *Hasbro, Inc. v. Serafino*, 168 F.R.D. 99, 100 (D.Mass.1996). Although Dr. Becker himself is not a party to the action, Rule 34 "governs the discovery of documents in the possession or control of the parties themselves." *Id.* Given the fact that Dr. Becker is Defendant's expert, the documents which Plaintiff seeks from him may be

considered to be within Defendant's control. Hence, Rule 34, not Rule 45, would appear to apply. *Cf. Marsh v. Jackson*, 141 F.R.D. 431, 432 (W.D.Va.1992) (noting that subpoena for production of documents directed to non-party expert retained by a party is not within ambit of Fed.Rule 45(c)(3)(8)(ii)).

Even were the court to assume that Rule 45 applies to Dr. Becker, the subpoena at issue clearly constitutes "discovery" within the meaning of Rules 26 and 34 and, as a result, comes up against the court's discovery schedule. Rule 26(a)(5) states that "[p]arties may obtain discovery by one or more of the following methods: depositions upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property under Rule 34 or 45(a)(1)(C), for inspection and other purposes; physical and mental examination; and requests for admission." *See also* FED.R.CIV.P. 26(b)(4) (enabling a party to take an expert's deposition once certain expert information has been disclosed pursuant to Rule 26(a)(2)).[2] For its part, Rule 34(c) provides that a "person not a party to the action may be compelled to produce documents and things or to submit to an inspection as provided in Rule 45." FED.R.CIV.P. 34(c). "The inclusion of references to Rule 45 within Rules 26 and 34 is a clear indication that procuring documents from non-parties can constitute discovery." *Rice v. United States*, 164 F.R.D. 556, 557 (N.D.Okla.1995). *But see Smith v. Midland Brake*, 162 F.R.D. 683 (D.Kan.1995) (refusing to quash subpoena even though discovery deadline had passed).

Granted, neither Rule 45 nor Rule 34 contains any time limit within which to procure documents from third parties. *See Rice*, 164 F.R.D. at 557–58. Still, as in *Rice*, this court does not believe "that a party should be allowed to employ a subpoena after a discovery deadline to obtain materials from third parties that could have been produced

---

2. While the extent of Defendant's disclosure has not been made clear, Defendant reports that it disclosed Dr. Becker as an expert, provided his written report, produced his curriculum vitae and described the compensation to be paid to him. The court is uncertain whether Defendant provided a list of other cases in which Dr. Becker has testified as an expert at trial or by deposition within the preceding four years. *See* FED. R.CIV.P. 26(a)(2). Defendant may want to ensure that it has complied with Rule 26(a)(2) in all its particulars.

during discovery." *Id.* at 558. *See also Carter v. United States,* 164 F.R.D. 131, 133 (D.Mass.1995) (holding that portions of deposition notices seeking extensive production of documents were improper attempts to conduct written discovery after scheduling deadline).

 In short, "Rule 45 Subpoenas, which are intended to secure the *pre-trial* production of documents and things, are encompassed within the definition of 'discovery,' as enunciated in Rule 26(a)(5) and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.,* 177 F.R.D. 443, 443 (D.Minn.1997) (emphasis added). "[T]o allow a party to continue with formal discovery—that is, discovery which invokes the authority of the Court—whether in the guise of Rule 45, or any of the other discovery methods recognized by Rule 26(a)(5), after the discovery deadline unnecessarily lengthens discovery process, and diverts the parties' attention, from the post-discovery aspects of preparing a case for Trial." *Id.* at 445. *Cf. In re Application of Time, Inc.,* 1999 WL 804090, at *7 (E.D.La. Oct. 6, 1999) (holding that subpoenas similar to the one sought here "are discovery devices which, although governed in the first instance by Rule 45, are also subject to the parameters established by Rule 26."). At bottom, Plaintiff cannot now obtain through one means, Rule 45, what he has been precluded from obtaining through another, the expired discovery schedule.

The court adds one final point: Plaintiff's last minute effort to obtain documents, if allowed, could raise significant evidentiary issues, about which the court will have had no prior notice. Judicial resources would surely be wasted.

### C.

For the reasons stated, the motion to quash is ALLOWED with respect to that part of the subpoena which seeks documents. In all other respects, the motion is DENIED. Accordingly, Plaintiff is not precluded from enforcing the subpoena insofar as it requires Dr. Becker's presence at trial.

IT IS SO ORDERED.