**Wynne CALVERT, Plaintiff,**

v.

**Bodo W. REINISCH and James L. Burch, Defendants.**

**No. CIV.SA–03–CA–68–FB.**

United States District Court,
W.D. Texas,
San Antonio Division.

April 21, 2003.

---

Jeffrey R. Akins, Attorney at Law, San Antonio, TX, for plaintiff.

1. Docket no. 7, exhibit A.

Geoffrey B. McCullough, University of Massachusetts, Office of the General Counsel, John E. Keenan, Sugarman, Rogers, Barshak & Cohen, P.C., Boston, MA, for defendants.

## ORDER

MATHY, United States Magistrate Judge.

Came on this day to be considered plaintiff's "motion to compel third party Southwest Research Institute ('SWRI') to allow copying of documents already produced by SWRI for inspection" filed April 7, 2003 (docket no. 5), referred to the undersigned on April 14, 2003 (docket no. 6), as well as Southwest Research Institute's response filed April 17, 2003 (docket no. 7).

### Procedural Background

This miscellaneous civil case initially was opened in this Court on January 30, 2003, when plaintiff and each defendant jointly moved the District Court to enter a protective Order. On February 4, 2003, the District Court entered an agreed protective Order. On March 10, 2003 and April 2, 2003, certain sealed advisements pursuant to the protective Order were filed.

No further action was undertaken in this Court until April 7, 2003, when plaintiff filed a motion to compel SwRI to allow the copying of certain documents, inspected by counsel for plaintiff by permission of SwRI, but, thereafter, refused to be made available for copying for plaintiff. On April 14, 2003, the motion was referred to the undersigned. On April 17, 2003, SwRI filed its response to the motion.

Based upon information proffered and submitted by plaintiff and SwRI in connection with the instant discovery dispute, it is represented that plaintiff sued defendants Bodo W. Reinisch ("Reinisch"), who is affiliated with the University of Massachusetts, and James L. Burch ("Burch"), who is affiliated with SwRI. The pending lawsuit was filed in the United States District Court for the District of Massachusetts on or about February 21, 2002.[1] Generally, the lawsuit concerns an alleged oral contract among plaintiff,

Reinisch and Burch to jointly work on the IMAGE research project. Plaintiff' complaint alleges three causes of action: breach of contract, relating to the breach of a general partnership agreement; breach of contract; and for attorney's fee. The complaint alleges that there is a written contract(s) between the National Aeronautics and Space Administration ("NASA") and SwRI regarding the IMAGE research project as well as written subcontracts between SwRI and others, such as the University of Massachusetts and the University of Iowa. Plaintiff alleges that, although the subcontracts were between SwRI and institutions, it was "anticipated" and was the "customs and practices of the scientific community concerning contracts, particularly NASA contracts" that the individual scientist, such as plaintiff, "can take [the subcontract] with him to another institution and he can take millions of dollars in work with him." [2] Nevertheless, plaintiff alleges that—after plaintiff left the University of Iowa, after plaintiff apparently agreed to an employment agreement with the University of Massachusetts so that funding could be directed through the University of Massachusetts to plaintiff, and after plaintiff and Reinisch orally agreed to a consulting agreement—in 1998, defendants Reinisch and Burch "acted in consort and excluded plaintiff from participating in and receiving funds from the project from 1998 and thereafter." [3] Plaintiff alleges that the effect of defendants' action was "to deprive plaintiff or participating in the mission for the remaining five years, for which he would have been paid over $400,000 from the NASA award." [4]

On July 11, 2002, the District Court in the District of Massachusetts has entered into a scheduling Order which established a discovery deadline of January 31, 2003 and a dispositive motion deadline of July 1, 2003.[5]

The Order states that "any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary material, or reference to pertinent portions f the record." [6]

On or about January 15, 2003, plaintiff served non-party SwRI with a FED.R.CIV.P. 45 subpoena duces tecum and notice of intent to depose a corporate representative of SwRI on January 28, 2003.[7] On January 28, 2003, counsel for SwRI served objections to certain of the subpoena requests.[8] SwRI's January 28, 2003 objections included a general objection to producing information not relevant to a claim or defense or reasonably calculated to lead to the discovery of admissible evidence, privileged information, and information which is an expert opinion.[9] SwRI also generally objected to the lack of sufficient time—between January 15 and January 28, 2003—to comply with subpoena.[10]

After reaching an agreement on a protective Order, many documents were made available to counsel for plaintiff for inspection. After several hours of inspection, the deposition commenced and was concluded.

### Motion to Compel—Summary of the Arguments

On April 7, 2003, plaintiff filed the instant motion to compel. In sum, plaintiff argues that on the morning of January 28, 2003, in connection with the noticed Rule 30(b)(6) deposition and Rule 45 subpoena, SwRI made a large number of documents available for inspection and also served its objections to the documents requests. Plaintiff relates that "in spite of the objections lodged by SwRI, most of the documents requested would be produced as long as the parties could agree to the terms of a Protective Order...." [11] Following review and discussions, the parties entered into an agreed protective order and the deposition began. During the deposition,

---

**2.** *Id.* at 8–9.

**3.** *Id.* at 10–11.

**4.** *Id.* at 11.

**5.** Docket no. 7, exhibit B.

**6.** *Id.* at 2.

**7.** Docket no. 5, exhibit A–2.

**8.** Docket no. 7, exhibit C.

**9.** Docket no. 7, exhibit C at 1–2.

**10.** *Id.,* exhibit C at 2.

**11.** Docket no. 5 at 3.

counsel for SwRI indicated that not all documents responsive to the subpoena had been located and there would need to be a subsequent document production of the additional documents.[12] The additional production occurred on February 24, 2003 and plaintiff reviewed a "huge amount of files,"[13] which plaintiff estimated to comprise approximately twenty feet.[14] Plaintiff agrees that the "files produced *exceeded the scope of the documents requested in the subpoena,* but all were relevant."[15] Plaintiff "did not mind going through all of the documents," and "discovered many more documents, *in addition to those requested in plaintiff's subpoena,* that were clearly relevant to the case."[16] From time to time, according to plaintiff, counsel for SwRI indicated that certain documents viewed by plaintiff's counsel would not be copied for plaintiff because they were not covered by the subpoena. Plaintiff's counsel reviewed the additional files in one day, and marked the files or papers he wanted copied, totaling the approximate equivalent of one and one-half banker boxes.[17]

Three days later, plaintiff's counsel states he received a letter from counsel for SwRI which said that all documents selected for copying by plaintiff's counsel would be reviewed by counsel for SwRI and those documents which fell within the scope of the subpoena would be copied; but those that were determined to be "outside the scope of the subpoena and for which SwRI has objected to producing" would not be copied and would not be available for further inspection.[18] Plaintiff alleges that he has received some of the copies of the documents he requested, but that "most of the documents marked at the inspection have been held back by SwRI."[19]

Plaintiff argues that SwRI should not be permitted to "un-produce" documents plaintiff's counsel has already reviewed and considered to be "relevant." As relief, plaintiff's motion to compel seeks the entry of an Order: requiring SwRI to state its objections in writing; concluding that SwRI waived any objection to relevance by making the documents available for inspection; and an award of $1,820.00 in attorney's fees and $700.00 in costs.[20]

In response, SwRI argues, in sum, that it timely objected to the document request, but, given the imminent expiration of the discovery period and only two weeks to respond to "twenty-seven extremely broad, voluminous requests" prior to the noticed deposition,[21] SwRI gave plaintiff "hundreds of pages of documents," "allowed [plaintiff's counsel] to review thousands more," and "[i]n the interest of proceeding with the deposition, agreed that plaintiff's counsel would be allowed to review other documents at a later time."[22] In the later production, SwRI indicates that it removed files from file cabinets, placed them in file boxes, and placed the filed boxes in the conference room. SwRI agrees with plaintiff that the "files contained other documents which were not responsive to plaintiff's requests, ... but the files were labeled sufficiently to where counsel could look in files where he believed responsive documents would be located."[23] SwRI agreed to provide copies of some, but not all of the documents requested by plaintiff.[24] Exhibit D to SwRI's response is a summary of the documents produced by SwRI.[25]

SwRI argues that it has never, and should not be considered to have, waived any of its objections to producing, for copying and fur-

12. *Id.* at 4.

13. *Id.* at 4–5.

14. *Id.* at 5.

15. *Id.* (emphasis added).

16. *Id.* (emphasis added).

17. *Id.*

18. *Id.* at 6.

19. *Id.* at 8.

20. *Id.* at 8–9.

21. Docket no. 7 at 4.

22. *Id.* at 4.

23. *Id.*

24. *Id.*

25. *Id.* at 4–5 and exhibit D.

ther use, documents inspected by plaintiff's counsel. SwRI argues that it Rule 34(b) permits the production of documents as the documents are kept in the usual course of business without waiving objections to the copying and further use of documents for which lodged objections have been. made. Further, with respect to those items which plaintiff concedes are outside the scope of the document request, SwRI argues the motion to compel is without merit. SwRI points out that plaintiff's remedy would be to serve another discovery request for production of those items and "[i]t is not the fault of SwRI that plaintiff waited too late to request certain documents" such that the discovery deadline has expired.[26] Finally, SwRI argues that plaintiff "offers no explanation to the Court why he believes the documents [inspected but not copied] are relevant to the litigation. A general allegation of relevancy is not sufficient to overcome a specific objection that an item is not discoverable because it is not relevant to the subject matter of the action."[27] In any event, SwRI argues that the disputed documents are not relevant to the present claims.[28] In sum, SwRI requests an award of its reasonable attorney's fees and expenses in connection with the filing of this motion, equaling $2,100.00 and $2,163.03, respectively.

### Analysis

Civil discovery is permitted "regarding any matter, not privileged, that is relevant to the claim or defense of any party ... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."[29] Privileged matters are protected and the "relevant information" sought through discovery need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."[30]

As an initial matter, with respect to the timing of discovery, neither plaintiff nor SwRI has argued that motion to compel, filed more than two months after the expiration of the discovery cut-off date is untimely.[31] Accordingly, the Court does not address the issue.[32]

The parties in this miscellaneous matter appear to agree that the motion to compel discovery from a non-party in the lawsuit properly has been pursued in this District, the District where the discovery is sought.[33] On the other hand, the Court considers any question regarding, for example, the proper ordering of discovery or the possible extension of pretrial deadlines to be matters that should be directed to the United States District Court for the District of Massachusetts, the District where the action is pending.

With respect to the merits of the discovery dispute, from a comparison of plaintiff's January 15, 2003 document request served on SwRI, SwRI's January 28, 2003 objections, and exhibit D to SwRI's response to the motion to compel, it appears that SwRI has produced all of the documents in its possession within each of the requested twenty-seven categories.[34] Plaintiff does not argue

26. *Id.* at 6.

27. *Id.* at 7–8 (citation omitted).

28. *Id.* at 8.

29. FED.R.CIV.P. 26(b)(1).

30. *Id.*

31. The Local Civil Rules of this Court generally require discovery-related motions to be filed before the expiration of the discovery cut-off date or within five business days after the discovery cut-off date. *See* CV–16(d), Local Civil Rules, U.S. Dist. Ct. West. Dist. Tex. No party in this matter has argued that the Local Civil Rules of the U.S. District Court for the District of Massachusetts contain a similar provision.

32. The parties in this matter agree that: SwRI did not produce for inspection all documents requested in the January 15, 2003 subpoena until February 24, 2003, the attorneys' in-person conference on discovery did not occur until March 21, 2003, and the copies of certain documents inspected on February 24 were not delivered to plaintiff's counsel until April 4, 2003 (docket no. 5 at 5–8). This motion was filed April 7, 2003.

33. FED R.CIV.P. 37(a)(1); *In re Sealed Case,* 141 F.3d 337, 341 (D.C.Cir.1998).

34. The only possible exception arguably is some of the documents falling within the category of documents requested in document request 11. In document request 11, plaintiff requested production for inspection and copying:

Documents reflecting payments made by you, or authorised by you t be made, to UML [Uni-

otherwise. Indeed, plaintiff's motion to compel makes no specific argument regarding any specific document withheld from production to show how the document fits within one of the twenty-seven categories of documents requested from SwRI.[35]

The central aspect of plaintiff's argument appears to be plaintiff's contention that defendant has waived any objection to the production—that is, the delivery of requested copies to plaintiff and plaintiff's further use of those copies—of documents made available for inspection by counsel for plaintiff. Plaintiff cites no case in support of his argument, but argues the practicality of his situation—documents were made available to him for inspection; he spent valuable hours in reviewing the documents; and he should be allowed to have copies of the documents he identified as relevant to his case. Plaintiff submits that: if SwRI argues the withheld documents are confidential, the confidentiality agreement resolved the concern; if SwRI argues the production is overly burdensome, the argument was mooted when the documents were made available for inspection.[36] Rule 45(d)(1), concerning the production of documents by a non-party to a lawsuit, expressly authorizes production of documents for inspection as they are kept in the usual course of business and relieves the producing entity of the responsibility of organizing the produced documents to correspond to the categories of documents requested.[37] SwRI argues that the permission to produce documents as they are maintained in the ordinary course of business also permits the producing entity to produce non-responsive documents, subject to objections.

■■■ Absent the citation of case authority, the Court is not inclined to agree that the production for inspection of documents, as kept in the ordinary course of business, is necessarily a waiver of any specific objection to the further production, copying, and use of a document so inspected, but not within the scope of the original discovery request. It is clear that a failure to timely object can result in the waiver of an objection.[38] Here, we have timely objections to producing non-relevant, privileged, and non-responsive documents,[39] but the producing party made a decision, apparently in deference to time exigencies, to make documents available for inspection subject to the objections. Plaintiff

---

versity of Massachusetts Lowell] concerning the Image Investigations from 1995 through current date.
Docket no. 6, exhibit A–2, and its exhibit B at 3, ¶ 11. Specifically with respect to request 11, SwRI objected on the ground the request was overly broad, unduly burdensome, was an impermissible fishing expedition, sought confidential, trade secret and/or proprietary business information of SwRI or other disinterested parties, was irrelevant to the extent the documents did not specifically refer to plaintiff, and the request was vague and ambiguous. *Id.*, exhibit C at 4, 5. SwRI also objected to producing documents *that were not responsive to a discovery request. Id.*, exhibit C at 3 (emphasis added). In exhibit D to its response, SwRI represents that the documents requested were "[p]roduced subsequent to the deposition." *Id.*, exhibit D at 1. SwRI further states:
> The 533 forms or any other payment records are totally irrelevant because plaintiff had a fixed been allocated by University of Iowa and UML. Any other financial information regarding payments made by SwRI, a non-party, has no bearing or relevancy to plaintiff's alleged claims.

*Id.* It is unclear if exhibit D re-states SwRI's objection, to be clear to preserve it, notwithstanding a production, or if SwRI has withheld certain forms and payment information disclosed, although information on payments made by SwRI to UML was "[p]roduced subsequent to deposition." Because plaintiff's motion presents no specific argument regarding any document requested in category 11 that allegedly was withheld from production, the Court merely notes this ambiguity for the record.

**35.** Event the documents which plaintiff states he inspected at SwRI, but was not allowed to copy even though he had already requested the documents from UML and had not received them from UML (docket no. 5 at 5) are not otherwise specifically identified and linked to one of the 27 categories of documents requested from SwRI.

**36.** Docket no. 5 at 9.

**37.** Fed.R.Civ.P. 45(d)(1). *See also* Fed.R.Civ.P. 34(b); *Pack v. Beyer*, 157 F.R.D. 226, 233 (D.N.J. 1994).

**38.** *See e.g., Day v. Boston Edison Co.*, 150 F.R.D. 16, 21 (D.Mass.1993); *Krewson v. City of Quincy*, 120 F.R.D. 6, 7 (D.Mass.1988) (objections to Rule 34 request for production waived if not made within the 30–day time limit of Rule 34(b) or if extension is not obtained).

**39.** Docket no. 7, exhibit C at 3.

does not present any specific argument, evidence, or case authority to show that SwRI did waive or should be deemed to have waived any objection when it decided to produce requested documents, as they were kept in the ordinary course of business, along with other documents in the filing system which had not been requested. Plaintiff does not present any argument to show that when SwRI produced documents for inspection on January 28, 2003 it waived any general or specific objection to production set out in its written objections, including the objection to producing documents that were not responsive.

As SwRI, in its course of business, maintained the requested documents along with other documents, SwRI made the requested documents available for inspection in the context of SwRI's own filing system. By choosing this method of production, SwRI conceded that it had possession of the documents and decided to allow plaintiff to see the documents, but did not necessarily waive any objection it may have had to producing any document, including the objection that a document was responsive to a discovery request.[40] SwRI has represented that it chose this method of making requested documents available for inspection, at least in part, because of: a desire to cooperate with plaintiff's efforts to obtain the documents and the deposition before the expiration of the discovery deadline; the limited period of time available to SwRI to prepare for the deposition and production; and to minimize the expense of extracting and attempting to redact responsive documents.[41] The February 27, 2003 confirmatory letter sent by counsel of SwRI to counsel for plaintiff, submitted by plaintiff as an attachment to his motion, indicates that SwRI objected and continued to object to copying and producing documents outside of the scope of the subpoena.[42] The

problem posed to plaintiff by this method of proceeding was not caused by a lack of good faith in SwRI in making information available for inspection, but by the timing of the service of the subpoena on SwRI and the deposition of the SwRI corporate representative as it related to the discovery deadline in the case. Because the discovery deadline expired sixteen days after the service of the subpoena and three days after the deposition, plaintiff simply lacked the time to serve follow-up subpoena and discovery requests based on the documents inspected at SwRI.[43]

Plaintiff argues that SwRI should be ordered to deliver copies of the noted information to plaintiff because the information is relevant. Plaintiff argues the information he seeks is relevant just as emphatically as SwRI argues it is not relevant. But, since no specific document or category of documents requested from SwRI has been presented to this Court for consideration, it is not necessary for this Court to make any determination of relevance of any specific document or category of documents to an asserted claim or defense or whether "good cause" exists for discovery of matters relevant to the "subject matter involved in the action."[44] To SwRI, the Court would note that the better practice may have been to reiterate in writing on January 28, 2003, that its production of any document for inspection did not waive any objection by SwRI that the document had not been requested and need not be produced. To plaintiff, the Court would note that arguments on relevance of the documents—not requested in the subpoena served on SwRI, but seen and not obtained—would appear to be related to whether there is "good cause" for the re-opening of the discovery deadline, a matter not before this Court.

### Conclusion

For the foregoing reasons,

---

40. It is noted that neither side has argued that any document so produced for inspection was protected from discovery by attorney-client privilege or work product.

41. Docket no. 5 at 5–6.

42. Docket no. 5, exhibit D.

43. *Alper v. U.S.*, 190 F.R.D. 281, 283–84 (D.Mass. 2000); *Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 177 F.R.D. 443, 443 (D.Minn.1997).

44. Although SwRI has filed a copy of plaintiff's complaint as an attachment to its response, the individual defendant's answers are not of record in this Court. *See SEC v. First Fin. Group, Inc.*, 659 F.2d 660, 668–69 (5th Cir.1981) (failure to object timely waives Fifth Amendment privilege).

IT IS ORDERED that plaintiff's motion to compel (docket no. 5) is **DENIED.**

IT IS ALSO ORDERED that plaintiff's request for a hearing to explain further that the documents at issue are relevant and/or reasonably calculated to lead to the discovery of admissible evidence (docket no. 5 at 9) is **DENIED.**

IT IS ALSO ORDERED that plaintiff's request for an award of attorney's fees and costs (docket no. 5 at 9) and SwRI's request for an award of attorney's fees and costs (docket no. 7 at 8–9) are each **DENIED.**

IT IS ALSO ORDERED that defendant's request that this Court "postpone a ruling on this Motion until there has been a determination by the Massachusetts United States District Court of the legal merits of Plaintiff's claims" (docket no. 7 at 8) is **DENIED.** Any requests to alter the discovery deadline or to determine if information sought from SwRI is needed to resolve any dispositive motion that may be filed, *see e.g.* FED.R.CIV.P. 56(f), are matters to be addressed to the Court with jurisdiction over the merits of this case, not this Court.

### *NOTICE OF RIGHT OF REVIEW AND APPEAL*

Pursuant to FED.R.CIV.P. 72, Rule 4 in Appendix C of the Local Rules of this Court[45] and 28 U.S.C. § 636(b)(1), unless otherwise ordered by the District Judge, any party objecting to any portion of this Order must file and serve a written objection within ten (10) days of the date of this Order.

---

**45.** With respect to non-dispositive rulings, Rule 4 provides, in pertinent part, "Any party may appeal from a magistrate judge's order determining a motion or matter under subsection 1(c) of these rules, supra, [a non-dispositive ruling] within 10 days after issuance of the magistrate judge's order . . . ." The District Judge will "set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. The judge may also reconsider *sua sponte* any matter determined by a magistrate judge under this rule."