**Elizabeth A. LEACH**

v.

**QUALITY HEALTH SERVICES, INC., et al.**

**Civ. A. No. 94–4346.**

United States District Court, E.D. Pennsylvania.

June 8, 1995.

Reginald A. Krasney, Wayne, PA, for plaintiffs Leach, et al.

Morton F. Daller, Tracy Canuso Nugent, Daller Greenberg & Dietrich, Fort Washington, PA, and Albert A. Ciardi, III, Ciardi, Maschmeyer & Karalis, P.C., Philadelphia, PA, for defendants/third-party plaintiffs, Quality Health Services, LifeQuest, Inc. and Occumed Resources.

Sarah Solmssen, Malvern, PA and Neil Hamburg, Philadelphia, PA, for third-party defendant, Scherzer.

**MEMORANDUM**

JOYNER, District Judge.

Today this Court resolves two discovery motions of Defendants LifeQuest, Inc. and Occumed, Inc. Both motions are opposed by Plaintiffs with diametrically opposed arguments.

On February 17, 1995, this Court entered a Revised Scheduling Order that set a discovery deadline of May 1, 1995. On April 14, 1995, Defendants served Plaintiffs with a Request for Admissions. On April 24, 1995, Plaintiffs responded with a blanket objection to the entire Request. Plaintiffs' objection was based solely on the fact that timely responses to the Request would be due on May 18, 1995, two and one-half weeks after the May 1, 1995 discovery deadline.

Then, on May 1, 1995, the last day of discovery, and again on May 10, 1995, ten days after the discovery deadline, *Plaintiffs* served subpoenas on two non-party witnesses; Defendants' accountant and insurer. Defendant LifeQuest's Motion to Compel Responses to Request for Admission and both Defendants' Motion to Quash Subpoenas have resulted.

In Plaintiffs' opposition to Defendant's Motion to Compel, Plaintiffs write:

This Court's Revised Scheduling Order of February 17, 1995 required that discovery proceed "forthwith and continue in such a manner as will assure that all requests for, and responses to, discovery will be served, noticed *and completed* by May 1, 1995." Thus, a simple integration of the thirty (30) day response period allowed by F.R.C.P. 36(a) with the terms of the Revised Scheduling Order shows the Request for Admissions to be untimely on its face. No further inquiry should be necessary. Defendant LifeQuest's *Motion to Compel* should be denied on that basis alone.

Pls.' Opp. to Mot. to Compel at 2 (emphasis in original).

In contrast, Plaintiffs' opposition to Defendants' Motion to Quash argues that its subpoenas should be honored because:

Both Subpoena were issued as a direct result of and in response to testimony from key officers and directors of Defendant LifeQuest in depositions that were taken within a few days before or several days after the May 1, 1995 "deadline." * * * *

Thus, Defendants LifeQuest and OccuMed should not be heard to complain that the Subpoena issued to Princeton Insurance Company and KPMG Peat Marwick are untimely.

Pls.' Opp. to Mot. to Quash at 3, 6 (quotes in original).

This Court is bewildered by Plaintiffs' about-face arguments, and notes that Plaintiffs' Memoranda were filed on the same day and signed by the same counsel. It is inconceivable to this Court that Plaintiffs could expect this Court to permit them to file a subpoena ten days *after* the discovery "deadline," yet penalize Defendants for filing discovery requests only thirteen days *before* the deadline.

There are no special rules for certain parties in this Court. If Plaintiffs needed an extension of the discovery time, they needed only to make a proper request to this Court and it would have been considered. Plaintiffs did not have the power to report to Defendants that the discovery deadline would be extended for Plaintiffs, because they had a good reason for more time, but not for Defendants, because they did not.

■ As for the substance of Defendants' Motions, we find that the Request for Admissions seeks relevant information, and that contrary to Plaintiffs' suggestion, the possibility of making stipulations at the time of trial does not obviate the utility of admissions now. Similarly, we find that Plaintiffs' subpoenas seek relevant information and are not invalid merely because they do not also include a Notice of Oral Examination. Although Defendants did not receive copies of the subpoenas, we find that this was probably a failure of the postal service, and they are not invalid on that basis. We warn Plaintiffs, though, that we will be suspicious of any similar postal service failures in the future.

We will amend the February 17, 1995 Scheduling Order so that all discovery requests made on or before the May 1, 1995 deadline shall be deemed timely requests. As a result, Plaintiffs must respond to Defendants' Request for Admissions, and Princeton Insurance Company must respond to Plaintiffs' May 1, 1995 subpoena. The subpoena to KPMG Peat Marwick was filed on May 10, 1995 and is therefore untimely. Defendants' request for $600.00 in expenses incurred in preparing the Motion to Quash shall be granted.

An appropriate Order follows.

## ORDER

AND NOW, this 8th day of June, 1995, upon consideration of the Motion to Quash Subpoenas of Defendants LifeQuest, Inc. and Occumed (document number 41), and Defendant LifeQuest, Inc.'s Motion to Compel Discovery (document number 42), and responses thereto, the Motions are hereby GRANTED in PART and DENIED in PART in accordance with the attached Memorandum.

The February 17, 1995 Revised Scheduling Order is hereby AMENDED as follows: all discovery requests made on or before the May 1, 1995 discovery deadline will be deemed timely made. Plaintiffs are hereby ORDERED to respond to Defendants' Request for Admissions within ten days of the date of this Order's entry. Princeton Insurance Company is hereby ORDERED to respond to the May 1, 1995 Subpoena issued them by Plaintiffs' counsel within ten days of the date of this Order's entry.

The subpoena issued to KPMG Peat Marwick is hereby QUASHED. Defendants' request for $600.00 in expenses incurred in preparing the Motion to Quash is hereby GRANTED and payment shall be made to Defendants's counsel within ten days of the date of this Order's entry.