William F. McNERNEY, Plaintiff,

v.

**ARCHER DANIELS MIDLAND COMPANY, and The Pillsbury Company, Defendants.**

No. 94–CV–474S(H).

United States District Court,
W.D. New York.

Dec. 22, 1995.

David P. Marcus, Marcus, Knoer & Crawford, Buffalo, New York, for Plaintiff.

Judith A. Grimmer, Jenner & Block, Chicago, Illinois, John T. Kolaga, Whiteman, Osterman & Hanna, Buffalo, New York, for Defendant ADM.

## ORDER

HECKMAN, United States Magistrate Judge.

This case has been referred to the undersigned for pretrial matters, in accordance with 28 U.S.C. § 636(b)(1)(A). Defendant Archer Daniels Midland Company ("ADM") has moved to (1) preclude plaintiff from introducing expert testimony regarding dam-

ages (Item 45),[1] and (2) quash a subpoena directed to a third-party witness (Item 52). Plaintiff moves for an extension of time to conduct further discovery (Item 66). For the reasons that follow, the motion to preclude is denied, the motion to quash is granted, and the motion to extend time is denied.

### BACKGROUND

This case provides a good reminder of the importance of observing the Federal Rules of Civil Procedure and court orders. Plaintiff's failure to do either has generated another round of discovery motions in this case.

This is an action filed under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et. seq.* and the New York state Human Rights Law § 296, *et. seq.* Plaintiff claims that his forced retirement was a product of age discrimination.

The procedural history of this case demonstrates that a preliminary pre-trial conference was held before the undersigned on October 7, 1994. Following the conference, a scheduling order was issued setting a discovery cutoff of May 1, 1995, and requiring the plaintiff to identify experts through interrogatories by March 1, 1995, with defendant to provide corresponding information by April 1, 1995.

In April of 1995, plaintiff moved to compel and to extend the scheduling order. Defendant cross-moved to compel and to change the location of certain depositions. On May 9, 1995, the district court extended discovery to June 9, 1995 pending the parties appearance before this court to argue the discovery motions. In an order dated May, 16, 1995, these motions were granted in part and denied in part, and a new scheduling order was set in place (Item 39). The new scheduling order required all discovery to conclude by September 1, 1995 and all motions to compel to be filed by July 1, 1995. As to expert disclosure, the order provided:

> The plaintiff shall identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later that June 1, 1995; the defendant shall

---

1. The original motion sought to exclude the statistical expert as well, but that part of the motion is moot because plaintiff will not call that expert as a witness.

identify experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later that July 1, 1995. See Rule 26 of the Local Rules for the Western District of New York as amended effective December 1, 1994.

(Item 39, p. 2, ¶ 3(b)). The order further provided that "[n]o extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension. Applications must be made to the Magistrate Judge." (Item 39, p. 3, ¶ 3(f)).

Meanwhile, on May 31, 1995, plaintiff filed a witness identification list which stated that Ronald R. Reiber would be an expert on economic damages (Item 40). The list included his qualifications and his publications. There was no written report submitted as required by Rule 26(a)(2)(B) and this court's order.

Defendant informed plaintiff of this insufficiency and stated that it made it impossible to have its own rebuttal experts report available by the court deadline of July 1 (Item 42, Ex. 1). Plaintiff responded by stating that they did not have Mr. Reiber's report and would hope to have it done by the end of July (almost two months after the court's deadline). Neither party moved for extension of the deadlines for providing expert reports.

Thereafter, defendant issued a subpoena to the expert requiring him to produce the documents by July 14, 1995 and to appear at a deposition on August 15, 1995 (Item 46, Ex. 5).

On August 9, 1995, plaintiff submitted Mr. Reiber's "report" (Item 46, Ex. 9). As defense counsel properly advised plaintiff's counsel, the report continued to be deficient in that it did not meet the requirements of Rule 26(a)(2)(B). Specifically, the report was not signed, it did not specify the data or other information considered by the witness in forming his opinions, it did not specify whether any exhibits would be used, it did not state the expert's compensation, and it did not list the cases the expert had testified in. Indeed, it did not even state the expert's opinions per se. It merely contained mathematical computations.

Plaintiff eventually forwarded a signed report along with documents used by his expert. These documents are not part of the record before the court.

Meanwhile, the parties agreed to depose Mr. Reiber on September 1, 1995 (Item 46, Ex. 14). However, the matter quickly degenerated into a dispute over compensation of the expert. The expert's hourly rate was $150, and he requested a $2000 retainer fee up front (Id. at Ex. 11). Plaintiff's counsel demanded that the retainer be put into escrow. The defendant refused to escrow the fee but did agree to the hourly rate of $150 (Id. at Ex. 12; Item 51, Ex. D). The parties also disagreed on whether and to what extent the expert was entitled to an hourly rate for time spent preparing for the deposition. Because of these disputes, the deposition did not and has not taken place. The parties have requested the court to resolve the fee issue.

Meanwhile, the discovery deadline of September 1, 1995 passed without extension. On October 18, 1995, plaintiff served a subpoena on a third-party law firm that had handled a separate age discrimination lawsuit against ADM. The subpoena was issued out of the Western District of New York and required the third-party law firm to produce documents in Tennessee. The documents sought included pleadings, transcripts of all depositions and any confidentiality agreement entered into between third party law firm's client and ADM in the unrelated age discrimination suit in Tennessee. The third-party law firm did not serve any objections to plaintiff's request.

Defendant now moves to exclude the expert's testimony from trial and to quash the subpoena. Plaintiff moves for a continuance to conduct further discovery. Each argument will be addressed in turn.

### DISCUSSION

**I. Defendant's Motion to Preclude Expert Testimony**

Under Rule 26(a)(2) of the Federal Rules of Civil Procedure, each party is required to disclose the identity of any person who may be used at trial as an expert witness. The

rule further provides that disclosure shall "be accompanied by a written report prepared and signed by the witness." *Id.* Parties must provide a signed written statement of all opinions to be expressed and the basis for the opinions; the data used in forming the opinion; any exhibits to be used in support of the opinions; the witness' qualifications and compensation; and any other cases in which the witness had testified as an expert in the proceeding four years. The rule states that "these disclosures shall be made at the times and in the sequence directed by the court." *Id.*

■ Defense counsel quite properly complains about plaintiff's noncompliance with Rule 26(a)(2). The report was not originally signed and only contained numerical calculations. The report did not contain a statement of the expert's opinions or the basis of his calculations. The expert's qualifications were submitted on time as required by this court's scheduling order. However, the actual calculations were submitted on August 9, 1995 (Item 46, Ex. 9). In addition, the exhibits and other documents that plaintiff's expert relied on were submitted only after repeated requests from defense counsel.

Federal Rule 37(c)(1) provides that a party who, without substantial justification, fails to disclose information required by Rule 26, shall not be permitted to use as evidence at trial the information not disclosed. It also provides that "[i]n addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions" including reasonable expenses and attorney's fees.

■ Precluding testimony from the expert under this rule is a drastic remedy and should only be applied in cases where the party's conduct represents flagrant bad faith and callous disregard of the federal rules. *Hinton v. Patnaude,* 162 F.R.D. 435, 439 (N.D.N.Y.).

Plaintiff's counsel has failed to show substantial justification for its noncompliance with this court's scheduling order and with Rule 26(a)(2). However, the sanction of precluding the expert entirely appears to be too drastic a remedy at this juncture. Now that

plaintiff has submitted most of the components of the required report, any prejudice to defendant can be remedied by granting leave to defendant to depose the expert outside the discovery period, and by allowing defense counsel to recover reasonable expenses and attorney's fees associated with obtaining compliance with the rule.

Accordingly, defendant's motion to preclude is denied without prejudice, and defendant is given leave to depose plaintiff's expert as set forth below and to apply to the court under Rule 37(b)(2) or (c) for an award of reasonable expenses and attorney's fees consistent with this opinion.

## II. Expert Fees

■ Plaintiff's demand for a up-front retainer of $2000 to be held in escrow is without authority and is denied. However, plaintiff's expert is entitled to charge to defendant a reasonable amount of time, not to exceed four hours, in preparing for the deposition as well as the time incurred in reviewing and signing the transcript. *See* Fed. R.Civ.P. 26(b)(4)(C). In addition, the parties stipulate that the expert's hourly fee of $150 is reasonable, so he should be paid at the rate of $150 per hour.

Plaintiff is directed to produce his expert for deposition within 30 days. This court will not hesitate to impose sanctions on any party who fails to comply with this order.

## III. Defendant's Motion To Quash Third–Party Subpoena

■ The general rule is that a party does not have standing to object to a subpoena issued to a third-party witness unless the movant has alleged some personal privacy right or privilege to the documents sought. *See Langford v. Chrysler Motors Corp.,* 513 F.2d 1121 (2d Cir.1975); *Brown v. Braddick,* 595 F.2d 961 (5th Cir.1979); *Vogue Instrument Corp. v. Lem Instruments Corp.,* 41 F.R.D. 346, 348 (S.D.N.Y.1967); 9A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2459 at 41 (1995).

■ Here, defendant has asserted a privilege and a privacy interest in the documents sought. The defendant states that it entered

into a confidential settlement agreement with the plaintiff in the unrelated Tennessee suit. However, the defendant has not documented in any fashion its assertion of confidentiality.

Defendant has raised, however, more fundamental problems with the subpoena. Defendant points out that the plaintiff is seeking to conduct discovery after the deadline for completing discovery has passed. Plaintiff concedes that it was aware of such documents well before the discovery deadline (*see* Item 57). Counsel states that he diligently tried to find the plaintiff in the unrelated action but was unsuccessful. Plaintiff argues that only then did it think of issuing the subpoena to the third-party law firm.

Plaintiff's argument is unpersuasive. There is no reason why plaintiff could not have asked defendant or the third-party law firm for the same materials before trying to find the plaintiff in the unrelated case. In addition, plaintiff could have sought an extension of the discovery deadline, which he did not.

■ Defendant correctly asserts that when a plaintiff, as here, is aware of the existence of documents before the discovery cutoff date and issues discovery requests including subpoenas after the discovery deadline has passed, then the subpoenas and discovery requests should be denied. *See, e.g., Arkwright Mutual Ins. v. National Union Fire,* 1995 WL 66405 (S.D.N.Y.1995); *Four M Corp. v. Guiliano,* 1991 WL 44840 (S.D.N.Y.1991); *Slomiak v. Bear Stearns,* 1985 WL 410 (S.D.N.Y.); *Leach v. Quality Health Services,* 162 F.R.D. 40, 42 (E.D.Pa. 1995); *Kimberly–Clark Corp. v. Baxter Healthcare,* 1993 WL 524376 (N.D.Ill.1993).

Plaintiff cites *Multi–Tech Systems v. Hayes Microcomputer Products,* 800 F.Supp. 825 (D.Minn.1992) as authority. In that case, the district court affirmed the magistrate judge's ruling that defendant did not have standing to object to subpoena issued to third-party witness and that issuing the subpoena after the discovery deadline did not warrant a motion to quash or a protective order. *Id.* at 854. However, the court's reasoning for the latter finding was that defendant had not produced sufficient evidence indicating that plaintiff's subpoena constituted an untimely discovery.

*Hayes* is not controlling, because here there is no dispute that the subpoena was issued after the court's discovery cutoff date. Plaintiff tries to argue that the subpoena was issued late because of defendant's lackadaisical attempts at producing relevant documents. However, the relevant documents that led to the discovery of the unrelated case in Tennessee were given to plaintiff well before the discovery deadline.

Finally, the subpoena appears to be invalid on its face. It was issued out of the Western District of New York, rather than a federal court in Tennessee where production and inspection was to be made. *See* Fed.R.Civ.P. 45(a)(2). This appears to violate the rules governing subpoenas.

Accordingly, the defendant's motion to quash the subpoena is granted.

## IV. Extension of Time to Conduct Further Discovery

■ Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, the court may order a continuance for additional discovery if a party opposing a motion for summary judgment cannot by affidavit present facts to justify its position.

Defendant has moved for summary judgment (Item 60). After the motions discussed above were argued, plaintiff filed a motion for an extension of time to conduct further discovery pursuant to Rule 56(f) (Item 66). The plaintiff contends that he cannot sufficiently address the facts by defendant because he needs access to documents in the unrelated Tennessee suit. However, plaintiff belatedly seeks the same relief which the court has already denied by granting the motion to quash. Applications to extend the discovery deadline must be made prior to expiration of the deadline—i.e. by September 1, 1995. Rule 56(f) is not intended to circumvent discovery orders. Furthermore, plaintiff has not advance good cause to grant the application.

Accordingly, plaintiff's motion for extension of time to conduct further discovery is denied.

## CONCLUSION

Defendant's motion to preclude (Item 45) is denied and the its motion to quash the subpoena (Item 52) is granted. Plaintiff's motion for an extension of time to conduct further discovery is denied (Item 66). Plaintiff is directed to produce his expert for a deposition within 30 days. Leave is granted to defendant to apply to the court for reasonable expenses, including attorneys fees, caused by plaintiff's noncompliance with Rule 26(a)(2).

**SO ORDERED.**

