# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3606

_____

| | | |
|---|---|---|
| Tadeusz Radecki, Dr., | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District of |
| | * | Nebraska. |
| James Joura; Carol Joura, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 22, 1999

Filed: May 24, 1999

_____

Before BEAM and HANSEN, Circuit Judges, and MOODY,[1] District Judge.

_____

BEAM, Circuit Judge.

Tadeusz Radecki, Ph.D., appeals a decision of the district court [2] to dismiss his Fair Housing Act claim against his former landlords James and Carol Joura. See 42 U.S.C. § 3604(f)(1). Radecki's complaint alleges that disability discrimination was the

---

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, sitting by designation.

[2]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

motivation for his eviction by the Jouras. In the course of preparing for trial, Radecki failed to comply with deadlines established by the magistrate and district court judges, and eventually had to proceed without expert testimony. Without expert testimony, Radecki was not prepared for trial and the district court granted a dismissal without prejudice. See Fed. R. Civ. P. 41(b). We affirm.

## I.    BACKGROUND

Radecki was evicted from his apartment by the Jouras and filed suit in September 1994. He alleges that the Jouras evicted him because of a disability, depression, in violation of the Fair Housing Act. The Jouras moved for summary judgment in April 1995. On the same day the response to the summary judgment motion was due, Radecki filed a motion for indefinite postponement of the case. After summary judgment was granted, we reversed on Radecki's FHA claim and remanded the matter back to the district court. See Radecki v. Joura, 114 F.3d 115 (8th Cir. 1997).

On remand, the case was assigned to a magistrate judge for scheduling. The magistrate judge entered a progression order establishing deadlines in preparation for trial. The order set deadlines for submission of expert and non-expert witness lists, as well as deadlines for exhibits and designated deposition testimony. Although Radecki received continuances, he failed to submit timely witness lists, failed to respond to interrogatories and even missed a pretrial conference. At a final pretrial conference only a month before the scheduled trial date of August 1998, Radecki disclosed for the first time various witnesses and exhibits, despite previous discovery requests by the Jouras.

The Jouras objected to Radecki's witnesses and exhibits and the magistrate judge sustained the objection as follows: (1) Radecki was limited to two non-expert witnesses; (2) Radecki was limited to ten exhibits; and (3) Radecki was precluded from

using an expert witness at trial. Expert witnesses were precluded because Radecki had not provided any indication that he would use expert testimony nor had he responded to discovery. The Jouras were therefore unprepared to respond. Despite the restrictions, Radecki still intended to call Dr. Rafael Tatay as an expert witness. The Jouras then made a motion in limine to exclude the expert testimony of Dr. Tatay, because they had not been given the opportunity to depose him nor had they retained their own experts to rebut his testimony. The district court found that absent a continuance and the reopening of discovery, the Jouras would be severely prejudiced if Radecki was allowed to present the expert witness at trial. The district court offered Radecki the opportunity of a continuance, subject to the condition that he pay the Jouras' expenses caused by the continuance, but he declined.

Radecki conceded that he could not make a prima facie case without Dr. Tatay's testimony and notified the court that he was not prepared to proceed to trial. The district court then ordered dismissal of the case without prejudice under Federal Rule of Civil Procedure 41(b) for lack of prosecution and failure to comply with court orders. See Fed. R. Civ. P. 41(b). The court dismissal provides that the case may be refiled if Radecki agrees to pay the reasonable fees of defense counsel for unnecessary trial preparation and he either: (1) agrees to proceed to trial with no further discovery; or (2) agrees to pay the Jouras' expenses in deposing Dr. Tatay and the hiring of a rebuttal expert. On appeal, Radecki challenges the district court's exclusion of Dr. Tatay's expert testimony. He also argues that not allowing him additional time to prepare his case, combined with his disability, serves to deny him due process.

## II.    DISCUSSION

We review a district court's evidentiary decisions for clear abuse of discretion. See Adams v. Fuqua Indus., Inc., 820 F.2d 271, 273 (8th Cir. 1987). Radecki contends that the exclusion of Dr. Tatay's expert testimony was an abuse of discretion because it made proving his case impossible. A similar claim was made in Gier v. Educational

Service Unit No. 16, 66 F.3d 940, 942-43 (8th Cir. 1995). In Gier the district court granted a motion in limine that also excluded expert testimony. Without the expert testimony, the plaintiffs stipulated that they were unable to meet their burden of proof. As Gier demonstrates, the fact that expert testimony is considered necessary to proving a case, does not make the district court's decision a clear abuse of discretion when the testimony is validly excluded. See id. at 944.

The testimony of Dr. Tatay was excluded by the district court because at no time prior to the final pretrial conference, one month before the scheduled trial, did Radecki indicate that he would rely on expert testimony. Furthermore, the Jouras served interrogatories on Radecki, but he never responded. We agree that Radecki's delays and failure to provide information would severely prejudice the Jouras unless a continuance was granted and discovery reopened. This option was made available to Radecki, but he declined. Due to Radecki's delay and neglect, we see no clear abuse of discretion in excluding Dr. Tatay's testimony, or in the alternative, allowing the testimony provided Radecki pays the reasonable expenses incurred by the Jouras as a result of the continuance.

Additionally, Radecki contends that his alleged disability, depression, "makes him unable to timely respond and comply with simple requests." Appellant's Brief at 3. Therefore, Radecki argues that because he was not granted additional time to properly prepare his case, the district court denied him due process. This contention is inconsistent with the facts and the law. The record shows that Radecki was granted continuances to comply with deadlines. However, the district court correctly stopped short of granting Radecki's request for "an indefinite continuance of all matters." Appendix at 68. Even now, Radecki has essentially been granted a continuance on his claim–dismissal without prejudice–albeit subject to conditions that he bear the costs of his delays. We find that Radecki has certainly been afforded sufficient process despite the various deadlines associated with litigation. Cf. Ohio v. Akron Ctr. for Reprod.

Health, 497 U.S. 502, 518 (1990) (finding that a statute providing definite and reasonable deadlines comports with due process).

## III.  CONCLUSION

For the foregoing reasons we affirm the district court's dismissal without prejudice.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.