# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1695

_____

Marie Grace Gordon,                    *
                                       *
        Appellant,               *
                                       *  Appeal from the United States
    v.                          *  District Court for the Eastern
                                       *  District of Missouri.
Phar-Mor, Inc.,                        *
                                       *          [UNPUBLISHED]
        Appellee.                *

_____

Submitted:  January 27, 2000

Filed:  February 1, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Marie Grace Gordon appeals from the district court's[1] adverse grant of judgment as a matter of law in her diversity personal injury action against Phar-Mor, Inc. Ms. Gordon alleged that she slipped and fell in the checkout lane at a Phar-Mor pharmacy store after a bottle of liquid dishwashing detergent leaked onto the floor. We affirm.

_____

[1]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

Upon de novo review, see Sip-Top, Inc. v. Ekco Group, Inc., 86 F.3d 827, 830 (8th Cir. 1996), we conclude the district court properly granted judgment as a matter of law to Phar-Mor. We agree with the district court that Ms. Gordon presented insufficient proof from which a reasonable jury could conclude as required under Missouri law that Phar-Mor had either actual or constructive notice that the detergent had leaked onto the floor. See Scheerer v. Hardee's Food Sys., Inc., 92 F.3d 702, 709 (8th Cir. 1996) (actual notice); Elmore v. Wal-Mart Stores, Inc., 812 S.W.2d 178, 180 (Mo. Ct. App. 1991) (constructive notice).

We also find that the district court did not abuse its discretion in quashing the subpoena served on Phar-Mor's attorney, whose testimony would have been irrelevant to Phar-Mor's liability or Ms. Gordon's damages. Cf. United States v. Jackson, 67 F.3d 1359, 1367 (8th Cir. 1995) (trial court did not abuse its discretion in granting motion to quash subpoena where testimony would have been irrelevant to defendant's factual guilt or innocence), cert. denied, 517 U.S. 1192 (1996). Last, we conclude that the court did not abuse its discretion in excluding proof which Ms. Gordon had not listed in her pretrial materials, see Radecki v. Joura, 177 F.3d 694, 696 (8th Cir. 1999) (trial court did not clearly abuse its discretion in granting motion in limine to exclude expert witness who was not listed prior to pretrial conference), and that Ms. Gordon's remaining arguments are meritless.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.