**Carmen MOREL, et al., Plaintiffs,**

v.

**DAIMLER–CHRYSLER CORPORATION, et al., Defendants.**

Civil No. 05–2162 (FAB).

United States District Court, D. Puerto Rico.

June 15, 2009.

---

Ada Sofia Esteves, David C. Indiano–Vicic, Seth Erbe, Indiano & Williams, PSC, San Juan, PR, for Plaintiffs.

Antonio Gnocchi–Franco, Gnocchi–Franco Law Office, Diego A. Ramos, Fiddler, Gonzalez & Rodriguez, San Juan, PR, PHV Bertrand LeBlanc, Carroll, Burdick and McDonough LLP, San Francisco, CA, PHV Robert M. Hanlon, Sr., Hanlon Bogliolit Hanlon PC, Edison, NJ, PHV Robert M. Hanlon, Jr., Hanlon, Boglioni & Hanlon PC, Township of Edison, NJ, Roberto A. Camara–Fuertes, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Defendants.

## OPINION AND ORDER[1]

BESOSA, District Judge.

On April 27, 2009, defendant Daimler AG ("defendant"), formerly known as Daimler-Chrysler AG, filed a motion requesting leave to substitute one of its previously disclosed expert witnesses. (Docket No. 212) Plaintiffs filed an opposition on May 13, 2009, requesting that the motion be denied unless certain conditions were placed on defendant's substitution. (Docket No. 219) On May 22, 2009, defendant filed a response to plaintiffs' opposition. (Docket No. 222)

For the reasons discussed below, the Court hereby **GRANTS** defendant leave to substitute its expert witness free of any conditions proposed by plaintiffs.

### Procedural and Factual Background

Defendant completed prior discovery for all expert witnesses in a timely manner. The discovery deadline was September 30, 2007. (Docket No. 100) The final exhibit list and the exchange of demonstrative aids to be used by expert witnesses were due on December 19, 2007. (Docket No. 159) On January 10, 2008, plaintiffs filed a motion to stay the proceedings in the district court during the pendency of an interlocutory appeal they filed from an order partially granting summary judgement. (Docket No. 193) Defendant filed a response on January 11, 2008, agreeing with plaintiffs' request for a stay, and further requesting a continuance if the stay was not granted because their "key liability defense expert[ ]" Charles Warner ("Dr. Warner"), Ph.D., had a pancreatic tumor requiring surgery, and the defense needed time to retain a substitute. (Docket No. 195, p. 1) The Court granted plaintiffs' request for a stay the same day. (Docket No. 196) Unfortunately, Dr. Warner died on November 9, 2008. (Docket No. 212) He was a professional engineer hired to testify for defendant on a number of issues. (*Id.*)

On April 27, 2009, defendant filed a motion to substitute Richard Keefer, a professional engineer, for Dr. Warner pursuant to the Courts's power to modify expert witness disclosures. *Id.; see* Fed.R.Civ.P. 26(a)(2)(B). Plaintiffs filed an opposition on May 13, 2009, requesting that the motion be denied, or if granted, that conditions be placed on the substitution. (Docket No. 219) On May 22, 2009, defendant filed a response to the opposition pointing to a lack of authority for plaintiffs' conditions on the motion. (Docket No. 222) The interlocutory appeal was decided on May 6, 2009, obviating the basis for the stay in this case. (Docket No. 224) A status and scheduling conference is scheduled to be held on **June 18, 2009.** (Docket No. 225; *see also* Docket. No. 223) Although a date has not been set for trial, the parties have advised the Court they are occupied elsewhere during the months of at least July and August. (Docket No. 223) Nothing else remains to be done prior to trial save a final pretrial conference.

### Discussion

#### I. Standard for Discovery Violations

Rule 26(a)(2) requires parties to disclose the identity of their expert witnesses as well

---

1. Whitney L. Meier, a second-year student at Georgetown University Law Center, assisted in the preparation of this opinion.

as their experts' reports in accordance with scheduling orders issued by the trial court. Fed.R.Civ.P. 26(a)(2). Each party must supplement its disclosures "in a timely matter if the party learns that in some material respect the disclosure or response is incomplete or incorrect." *Id.* at 26(e). For expert witnesses, the information in the report and in depositions must be supplemented, and any changes "must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.* If a party fails to provide or supplement the information required in Rule 26(a) or 26(e), that information will be excluded unless the failure is substantially justified or harmless. Fed. R.Civ.P. 37(c)(1). In addition to or in place of exclusion, the Court may order other sanctions including payment of expenses caused by the failure to comply with the Rules. *Id.; see Radecki v. Joura,* 177 F.3d 694, 696 (8th Cir.1999); *McNerney v. Archer Daniels Midland Co.,* 164 F.R.D. 584, 587 (W.D.N.Y. 1995) ("[P]rejudice ... can be remedied by ... allowing ... counsel to recover reasonable expenses and attorney's fees.").

■ The goal of Rule 26(a) is to promote full disclosure of the facts and prevent "trial by ambush," because opposing counsel cannot adequately cross-examine without advance preparation. *Macaulay v. Anas,* 321 F.3d 45, 50, 52 (1st Cir.2003); *see Johnson v. H.K. Webster, Inc.,* 775 F.2d 1, 6–7 (1st Cir.1985). Rule 37 requires exclusion unless the party facing sanctions can show that the failure to comply was justified or harmless. *Wilson v. Bradlees of New England, Inc.,* 250 F.3d 10, 20–21 (1st Cir.2001). Exclusion is a strong impetus to follow the Federal Rules of Civil Procedure ("Rules") and the schedule set by the Court. *See Thibeault v. Square D Co.,* 960 F.2d 239, 245 (1st Cir. 1992).

■ Introducing "new expert testimony on the eve of trial" can prejudice the opposing party and therefore will not be admitted without good cause. *Id.* at 247. "Rules 26(a) and 37(c)(1) seek to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion...." *Poulis–Minott v. Smith,* 388 F.3d 354, 358 (1st Cir.2004) (*citing Thibeault,* 960 F.2d at

244). The Court has discretion to admit tardily proffered expert evidence without sanctions upon a finding of substantial justification or harmlessness. *See, e.g., id.* The Court must balance fairness to the parties with the need to manage dockets, taking into account the totality of the circumstances, such as: the history of the litigation, the need for the challenged evidence, any justifications, prior notice of the expert and the possibility of designation, whether the testimony will be meaningfully different from or cover the same areas as that of the original expert, and the ability of the opposing counsel to depose or cross-examine the new expert. *Macaulay,* 321 F.3d at 51; *see Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.,* 240 F.3d 1, 10–11 (1st Cir.2001). A late disclosure is harmless if it "occurs long before trial and is likely subject to correction" without materially prejudicing the opposing party. *Samos Imex Corp. v. Nextel Commc'ns, Inc.,* 194 F.3d 301, 305 (1st Cir. 1999); *see Ferrara & DiMercurio,* 240 F.3d at 10; *Downeast Ventures, Ltd., v. Washington County,* 450 F.Supp.2d 106, 112 (D.Me. 2006).

## II. Sanctions Under Rule 37(c)(1)

■ Rule 37 requires exclusion or lesser sanctions unless the untimely disclosure was substantially justified or harmless. Fed. R.Civ.P. 37(c)(1). In this case, the late disclosure is substantially justified because a critical expert witness died after the deadlines for discovery had passed. The late disclosure is harmless because the plaintiffs will not be materially prejudiced. Imposing exclusion or other sanctions for the untimely disclosure of an expert witness under these circumstances is uncalled for.

■ Defendant's motion is supported by substantial justification. Death of an expert witness falls squarely within the category of circumstances that require a late disclosure; the only question regarding justification is whether the party waited too long to notify the Court of the need for a new expert. *Compare Klonoski v. Mahlab,* 156 F.3d 255, 272 (1st Cir.1998) (finding failure to receive evidence until days before trial insufficient justification for late submission when it was

the party's fault the evidence arrived so late), *and Laplace–Bayard v. Batlle*, 295 F.3d 157, 162 (1st Cir.2002) (finding insufficient justification when counsel waited to see if case would settle before obtaining and disclosing new expert past deadline), *with Ferrara & DiMercurio*, 240 F.3d at 8, 10–11 (upholding substitution three months before trial when necessitated by the previous expert's death). Although plaintiffs note that defendant waited six months after Dr. Warner's death to file this motion, the case was stayed pending appeal. Further, no date for trial had or has been set. It may have taken some time to find an expert capable of filling Dr. Warner's shoes. Defendant had no control over the unforeseeable illness and death of Dr. Warner. He became sick after the discovery deadline. The Court does note however, that defendant knew Dr. Warner was sick a year ago and could have tried to make some advance preparation in case of an untimely death. The Court will give defendant the benefit of the doubt as to whether such delay was the result of the difficulty in finding a replacement expert. Even if the Court were to have found that the expert's death did not provide defendant with a substantial justification, it would still find the substitution to be harmless.

■ The untimely disclosure is harmless because it is not materially prejudicial to plaintiffs. Plaintiffs will not be prejudiced because they had notice of the possibility of substitution, they will not be surprised by new subject matter or a new theory of liability, and they have ample time to formulate a response and prepare cross-examination. *See Downeast Ventures, Ltd.*, 450 F.Supp.2d at 111 (*citing Ferrara & DiMercurio*, 240 F.3d at 10). The goal of discovery is to "make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." *Thibeault*, 960 F.2d at 244 (*quoting United States v. Procter & Gamble Co.*, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed.2d 1077 (1958)). Allowing substitution furthers this goal of a fair contest for both parties because without the new expert the defense would be punished for the death of one of its witnesses, and with the substitution the plaintiffs still have the ability to adequately prepare.

Defendant disclosed to plaintiffs a year ago that Dr. Warner was sick and a substitute was needed. Plaintiffs' notice of Dr. Warner's illness in January 2008, weighs against a finding that they will be material prejudiced. Plaintiffs should have anticipated a new expert and the possibility of new testimony. This motion should come as no surprise. Plaintiffs' advance notice mitigates the prejudice of a late disclosure.

Nor will plaintiffs be surprised with new material. Prejudice may arise when a party is surprised with new theories of liability or a new subject matter after the deadlines for discovery have passed. *See Poulis–Minott*, 388 F.3d at 359; *Macaulay*, 321 F.3d at 52; *Ferrara & DiMercurio*, 240 F.3d at 10–11. Defendant has made clear that Mr. Keefer will testify on the same topics as Dr. Warner. Defendant and plaintiffs are in agreement that no new subject matter will be addressed.[2] If after the deposition is taken plaintiffs find new material is being covered, they can file the appropriate motions requesting exclusion as was done in *Poulis–Minott v. Smith*, where only information in late reports beyond the original scope of the timely reports was excluded. 388 F.3d at 359. As long as there is no "meaningful change in testimony," plaintiffs will not be prejudiced. *Ferrara & DiMercurio*, 240 F.3d at 10.

■ Perhaps most important for the harmlessness analysis, plaintiffs will not be prejudiced by the substitution because they have time to prepare for cross-examination. An ability to cure or mitigate any prejudice resultant from submitting late expert disclosures with minimum disruption to trial weighs in favor of harmlessness. *See e.g., Johnson*, 775 F.2d at 7 n. 7, 8; *Downeast*

---

**2.** Plaintiffs cite to unreported district court cases from Kansas and Indiana, both of which support the rule that late substitution is not prejudicial when the new expert testifies on the same material with similar opinions as the prior expert. *See Ind. Ins. Co. v. Valmont Elec., Inc.*, No. TH97–009–C–T/F, 2003 WL 22244787, at *1 (S.D.Ind. Jul. 31, 2003); *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, No. 86–2457–S, 1991 WL 205691, at *1 (D.Kan. Sept. 23, 1991).

*Ventures, Ltd.,* 450 F.Supp.2d at 112. The ability to mitigate the prejudice depends on how long before trial the disclosure is made. *See Laplace–Bayard,* 295 F.3d at 162 (disclosure one week before trial too late for preparation); *Thibeault,* 960 F.2d at 241, 247 (thirty-seven page supplementary answer to interrogatory four days before trial unfairly prejudicial). In *Ferrara & DiMercurio v. St. Paul Mercury Ins. Co.,* the First Circuit Court of Appeals found no prejudice when the opposing party had notice of the substitute expert three months before trial. 240 F.3d at 10. In this case, the date for trial has not been set, and it appears that the parties will not be ready to try the case until September, 2009 due to previous commitments. (See Docket No. 223, ¶ 4) The parties will schedule this expert discovery with sufficient time to depose the new expert and incorporate his testimony. Although the Court shall prioritize trying this case ahead of more recently filed civil cases, this is not a situation where the trial date will have be to be pushed back again, inconveniencing the parties and interfering with the Court's case management. Additionally, the Court expects Dr. Keefer's testimony to be similar to that of Dr. Warner. As such, the time needed for preparation should not be excessive.

### III. Conditions Requested by Plaintiffs

The conditions on the motion sought by plaintiffs for granting defendant's request to substitute an expert are sanctions not merited by the circumstances. Plaintiffs request that Mr. Keefer adopt Mr. Warner's report and deposition testimony including all concessions and admissions, and that Mr. Keefer be made available at the office of plaintiffs' counsel with defendant paying for all expenses. These requests are all sanctions that may be applied under Rule 37 if the late substitution is not substantially justified or harmless. *See* Fed.R.Civ.P. 37(c)(1). Here, the late substitution request is substantially justified and harmless, rendering sanctions unnecessary.

Even if the untimely disclosure of a new expert witness is neither justified nor harmless, however, the Court is already sanctioning defendant by restricting Dr. Keefer's testimony to the areas covered by Dr. Warner. *See Roberts ex rel. Johnson v. Galen of Va., Inc.,* 325 F.3d 776, 784 (6th Cir.2003). The conditions of plaintiff are sanctions that are not required to be imposed here.

Plaintiffs request that Mr. Keefer adopt Dr. Warner's report and deposition testimony in full, but they cite no relevant authority to support their position. In neither case cited by plaintiffs did the court require actual adoption of the prior expert's testimony; the scope of the new expert's testimony was merely limited. *See Ind. Ins. Co.,* 2003 WL 22244787, at *1; *Manildra Milling Corp.,* 1991 WL 205691, at *1. The First Circuit Court of Appeals has required limitations on the scope of a new expert's testimony introduced shortly before trial to prevent new information from surprising the opposition without requiring actual adoption of prior testimony. *See Poulis–Minott,* 388 F.3d at 359; *Ferrara & DiMercurio,* 240 F.3d at 10. Mr. Keefer should be able to proceed with his testimony as any other expert would with the caveat that he address the same subject matter as Dr. Warner without meaningful changes. Contrary to plaintiffs' allegations, the introduction of a substitute expert does not *ipso facto* permit defendant to escape from the concessions or admissions of Dr. Warner. As plaintiffs concede, they will be able to challenge Mr. Keefer's testimony with the transcript of Dr. Warner's deposition. Mr. Keefer should have the opportunity to express his opinions in his own language after reviewing the evidence and performing whatever tests prior experts on both sides were allowed to perform.

It is notable that plaintiffs argue for the imposition of a number of conditions on the substitution without requesting a continuance in case they do not have time to properly prepare. "Courts have looked with disfavor upon parties who claim surprise and prejudice but who do not ask for a recess so they may attempt to counter the opponent's testimony." *Johnson,* 775 F.2d at 8. As mentioned above, if the deposition testimony includes new subject areas, plaintiffs can move to exclude it. Additional conditions on Mr. Keefer's testimony will not be required.

■ Plaintiffs' other request, requiring defendant to pay plaintiffs' expenses, is an unwarranted sanction. Courts have discretion to require the violating party to pay reasonable expenses incurred in deposing new witnesses or otherwise curing discovery violations. *See Radecki*, 177 F.3d at 696; *McNerney*, 164 F.R.D. at 587. In this case, defendant would be punished because of the illness and death of its critical liability expert witness if required to pay attorneys fees and other expenses. In cases awarding expenses for discovery violations, courts note they are imposing a lesser sanction because exclusion would be "too drastic a remedy," under the circumstances. *McNerney*, 164 F.R.D. at 587. Even if expenses are a more mild sanction under Rule 37(c)(1), they are still a sanction. As discussed previously, sanctions are not necessary in this case.

Lastly, even if the Court had found sanctions were appropriate here, it would have also found the limitation on the scope of Mr. Keefer's report and testimony to be a sanction sufficient to mitigate any possible prejudice to plaintiffs. The 1993 advisory committee notes to Rule 37(c)(1) lists "preventing contradictory evidence" as a possible alternative sanction. The Sixth Circuit Court of Appeals cited this provision when it found a limitation on the scope and content of a new expert's testimony a sufficient sanction allowing for a "sensible compromise", "consonant with both the text and logic of Rule 37(c)(1)," "without unfairly surprising [plaintiffs] with unexpected new opinions." *Roberts ex rel. Johnson*, 325 F.3d at 784. Conveniently enough, this limitation on contradictory evidence is already required under First Circuit precedent; it has simply not been discussed as an alternative sanction. *See Ferrara & DiMercurio*, 240 F.3d at 10–11. Following this reasoning, no additional sanctions or limitations are necessary.

In sum, the Court finds the untimely discovery disclosures substantially justified and harmless. The Court reminds the parties, however, that the new expert shall labor under the limitations on the scope and content as required by *Ferrara & DiMercurio v. St. Paul Insurance Co.* The discovery violation was an isolated incident that could not have been prevented by the defendant who had no forewarning of the illness of its expert. The Court shall not sanction defendant.

### Conclusion

For the foregoing reasons, the Court **GRANTS** defendant's motion for leave to substitute an expert witness without plaintiffs requested conditions. At the upcoming scheduling conference, the Court will set a trial date leaving adequate time for Mr. Keefer to prepare his report and be deposed. If the deposition transcript reveals new information outside the scope of Dr. Warner's testimony, plaintiffs can move for its exclusion accordingly.

**IT IS SO ORDERED.**