This Decision is a
Precedent of the TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
Trademark Trial and Appeal Board
P.O. Box 1451
Alexandria, VA 22313-1451
General Contact Number: 571-272-8500

EJW

Mailed: January 26, 2015

Opposition No. 91188847

*Entravision Communications Corporation*

*v.*

*Liberman Television LLC*

**ELIZABETH J. WINTER, INTERLOCUTORY ATTORNEY:**

This case now comes up for consideration of Applicant's fully briefed motion to substitute a new expert witness for a previously disclosed expert witness and to supplement its expert disclosures. For the reasons set forth below, we grant the motion.

By way of background, in accordance with the Board's scheduling order issued on July 29, 2011, expert disclosures were due by October 2, 2011. Applicant timely filed its original notice of expert disclosures with the Board on September 30, 2011, and its amended notice of expert disclosures on October 3, 2011.[1] One of the expert witnesses Applicant designated was

---

[1] The submission and service of Applicant's amended notice were timely inasmuch as October 2, 2011 was a Sunday; thus, the effective due date for the expert disclosures was Monday, October 3, 2011. *See* Trademark Rule 2.196, 37 C.F.R. §2.196.

Edith Rondon, an asserted "media buyer and media planner expert" (motion at 2). Applicant expected Ms. Rondon to testify regarding numerous subjects, including the sophistication of purchasers of the parties' goods and services, the manner in which such purchases are made, and the distinctions between "the type of media, formats and ratings" for radio stations and television networks. She was also expected to rebut the testimony of Opposer's experts. Opposer took Ms. Rondon's discovery deposition on November 15, 2013.[2] In April 2014, Ms. Rondon informed Applicant's counsel that she had resigned her position with her previous employer, that her new employer prohibits its employees from testifying as experts in legal actions, and that she previously was unaware that her new employer would curtail her services as an expert witness. By its motion, Applicant now requests that the Board allow it to use a substitute for Ms. Rondon, specifically, Ms. Marsha Torres James, as one of its expert witnesses and to use Ms. James' expert report in lieu of Ms. Rondon's report. Opposer has contested the motion.

- *Decision*

Trademark Rule 2.120(a)(2), 37 C.F.R. §2.120(a)(2), provides in relevant part that "[d]isclosure of expert testimony must occur in the manner and sequence provided in Federal Rule of Civil Procedure 26(a)(2)." "The goal of Rule 26(a) is to promote full disclosure of the facts and prevent 'trial by

---

[2] Although Applicant served its expert disclosures in late 2011, the discovery deposition of Ms. Rondon was delayed by the parties' three intervening contested motions and stipulated motions for extensions of time.

ambush'." *Baumann v. American Family Mutual Ins. Co.,* 278 F.R.D. 614, 615 (D.Colo. 2012) (citing *Morel v. Daimler–Chrysler Corp.,* 259 F.R.D. 17, 20 (D.P.R. 2009)). *See also Spier Wines (PTY) Ltd. v. Shepher,* 105 USPQ2d 1239, 1246 (TTAB 2012) (disclosures, from initial through pretrial, and discovery responses should be viewed as a continuum of communication designed to avoid unfair surprise and to facilitate a fair adjudication of the case on the merits). Additionally, the provisions regarding the timing of expert disclosures are intended to facilitate the taking of any necessary discovery of any proposed expert witness by any party or parties adverse to the disclosing party, and to allow the adverse party or parties to determine whether it will be necessary to rely on a rebutting expert. *See General Council of the Assemblies of God v. Heritage Music Foundation,* 97 USPQ2d 1890, 1893 (TTAB 2011); and Trademark Trial and Appeal Board Manual of Procedure ("TBMP") § 401.03 (2014). A party that has made a disclosure must supplement or correct its disclosure in a timely manner if the party learns that in some material respect the disclosure is incomplete or incorrect (provided the corrective information has not otherwise been made known to the other party or parties during the discovery process or in writing). Fed. R. Civ. P. 26(e)(1)(A). *See also* Fed. R. Civ. P. 26(e)(2) ("Any additions or changes to this information [included in the expert report and information given during the expert's deposition] must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due."). Any information not

disclosed in a timely manner pursuant to Fed. R. Civ. P. 26 may not be used as evidence at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

The facts in this matter present a case of first impression for the Board insofar as Applicant did not belatedly decide after the deadline for expert disclosures that it needs to present an expert witness at trial. Rather, Applicant had already timely notified Opposer of its experts and their opinions, but following the expert disclosure deadline and during Opposer's testimony period,[3] Applicant was informed that one of its previously designated experts was no longer available. In view thereof, Applicant was obliged to promptly (i) inform Opposer of Ms. Rondon's withdrawal and (ii) move for leave to present testimony by its substitute expert. *Cf.* Trademark Rule 2.120(a)(2), 37 C.F.R. §2.120(a)(2). The record indicates that once Applicant's counsel was informed of Ms. Rondon's unavailability, he immediately sought to find a substitute expert and notified Opposer about a week before filing this motion, that Ms. Rondon had resigned and that a replacement expert had been identified (declaration of Douglas W. Abendroth, Applicant's counsel, Exh. A). Further, the Board finds that Applicant promptly filed the subject motion insofar as it was filed during Opposer's extended testimony period and within a few weeks of learning that

---

[3] As a result of the Board's January 2, 2014, April 2, 2014, and May 9, 2014 scheduling orders, the close of Opposer's testimony period was extended from April 11, 2014 until May 24, 2014. Therefore, under any of the trial schedules, Applicant was informed of Ms. Rondon's withdrawal during Opposer's testimony period.

the originally-designated expert witness was no longer available.[4] However, because Applicant's disclosure of its substitute witness did not occur prior to the deadline for serving expert disclosures, in order to determine whether Applicant may substitute both its previously designated witness and her report, the Board must consider whether the failure was substantially justified or is harmless.[5] Fed. R. Civ. P. 37(c)(1).

In determining whether the failure to make a timely disclosure was substantially justified or is harmless, the Board is guided by the following five-factor test: "1) the surprise to the party against whom the evidence would be offered; 2) the ability of that party to cure the surprise; 3) the extent to which allowing the testimony would disrupt the trial; 4) importance of the evidence; and 5) the nondisclosing party's explanation for its failure to disclose the evidence." *Great Seats Inc. v. Great Seats Ltd.*, 100 USPQ2d 1323, 1327 (TTAB 2011) (citing *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 597 (4th Cir. 2003)). *See also MicroStrategy, Inc. v. Business Objects, S.A.,* 429 F.3d 1344, 77 USPQ2d 1001, 1009-10 (Fed. Cir. 2005) (applying *Southern States* factors).

---

[4] The record also shows that, subsequent to receiving notice from Ms. Rondon, Applicant's counsel was sick for a period of two weeks, as was associate counsel (see Abendroth dec., ¶ 4).

[5] Under Fed. R. Civ. P. 26(e)(2) a party may supplement both information included in the expert report and information given during the expert's deposition before the time the party's pretrial disclosures under Rule 26(a)(3) are due. Here, Applicant's pretrial disclosures were not yet due, but the question presented involves *substituting* a witness and new expert report after the expert disclosure due date, rather than mere supplementation prior to the pretrial disclosure deadline. Thus, it is necessary to analyze the issue under Fed. R. Civ. P. 37(c)(1).

Turning first to Applicant's explanation for its failure to previously disclose Ms. James, the Board finds that Applicant's motion is supported by substantial justification. Prohibition by an employer where such a bar was not previously known, like the death of an expert witness, falls squarely within the category of circumstances that may justify what would otherwise be a late disclosure. Further, the record shows that, prior to April 2014, Ms. Rondon neither informed Applicant or its counsel of her intent to take new employment, nor did she advise them of the possibility that she would no longer be able to serve as an expert in this proceeding (dec. of Edith Rondon, ¶4). Therefore, Applicant was left no choice but to find a substitute expert and to file the subject motion to substitute. Accordingly, this factor strongly favors Applicant.

Regarding whether there is prejudice or surprise to Opposer and the ability to cure any surprise, "prejudice may arise when a party is surprised with … new subject matter after the deadlines for discovery have passed." *Morel v. Daimler–Chrysler Corp.,* 259 F.R.D. at 21. However, if there is no "meaningful change in testimony," the non-moving party will suffer little prejudice. *Id. See also Baumann v. American Family Mutual Ins. Co.*, 278 F.R.D. at 616. Here, Applicant states that Ms. James, who like Ms. Rondon is a "media buyer/media planner expert" (Abendroth dec., ¶8), "will testify to the same topics as those [on which] Ms. Rondon was designated to testify, and no others, and it is anticipated that the replacement witness's testimony

6

and opinions will be substantially the same as those of Ms. Rondon in her discovery deposition" (Abendroth dec., ¶5). In particular, the testimony that Ms. James will give is of points which are virtually identical to the list of topics Ms. Rondon discussed in her report (motion at 2-3; Rondon dec., ¶2; Abendroth dec., ¶7). Therefore, because Applicant timely disclosed that Ms. Rondon would testify as an expert on the identical matters, Opposer had time to ascertain whether it would need to retain an expert to contradict or rebut that expert witness on these issues and, if so, to provide its own expert disclosure. *See General Council of the Assemblies of God,* 97 USPQ2d at 1893 (explaining the purpose of expert disclosures). Further, should Ms. James' testimony address a topic that was not addressed in Ms. Rondon's discovery deposition or report, Opposer may file a motion to exclude any particular testimony about which Opposer did not have timely notice.[6] *Morel,* 259 F.R.D. at 21; *Baumann,* 278 F.R.D. at 616. Moreover, in view of these particular circumstances, to avoid any prejudice to Opposer, Opposer will be allowed time to take the discovery deposition of Ms. James, should it wish to do so, and the trial schedule will be reset. In view of the foregoing, the factors of

---

[6] Opposer appears to seek to exclude Ms. James' testimony on the basis that it, like Ms. Rondon's testimony, will assertedly be cumulative, contain inadmissible matter, and improperly collaterally attack Opposer's marks. To the extent that Opposer's response could be construed as a motion to exclude, said motion is denied as premature. The Board will not consider substantive objections to testimony prior to trial. *See, e.g., Carl Karcher Enterprises Inc. v. Carl's Bar & Delicatessen Inc.,* 98 USPQ2d 1370, 1371-72 n.2 (TTAB 2011) (it is not the Board's policy to read trial testimony or other trial evidence prior to final decision).

prejudice to the non-disclosing party and the ability of Opposer to cure the surprise also weigh in favor of Applicant.

As to whether the evidence to be provided by Ms. James is important, the Board finds, notwithstanding Opposer's arguments to the contrary, that Ms. James' testimony focuses on unique topics and is not entirely duplicative of the other expert witnesses' testimony. Thus, this factor weighs in favor of Applicant.

Finally, as to the extent to which allowing the testimony would disrupt the trial, clearly, allowing Opposer the opportunity to take a discovery deposition of Ms. James, will interrupt the existing trial schedule. However, the parties agreed to a two-month trial schedule, and Opposer's trial schedule was extended once. Thus, while this factor weighs in favor of Opposer, the disruption to the trial schedule is *de minimis*.

On balance, the Board finds that Applicant's late notice identifying Ms. James as the substitute expert witness is both substantially justified and harmless. Accordingly, Applicant's motion to substitute Ms. James for Ms. Rondon and to substitute Ms. James's report for that of Ms. Rondon is **<u>granted</u>**. Applicant is ordered to serve Ms. James's expert report on Opposer within FIFTEEN DAYS of the mailing date of this order. It is further ordered that Opposer is allowed until THIRTY DAYS from the date on which it receives the expert report to conduct a discovery deposition of Ms. James,

should it wish to do so. Trial dates shall be reset to accommodate the taking of this discovery deposition.

Proceeding Resumed; Trial Dates Reset

This proceeding is resumed. Trial dates are reset in accordance with the foregoing orders as follows:

| | |
|---|---|
| **Applicant's Deadline for Serving New Expert Report** | **February 10, 2015** |
| **Opposer's Deadline for Conducting Discovery Deposition of Applicant's New Expert** | **March 12, 2015** |
| **Testimony period for Defendant and Plaintiff in the counterclaim to close**[7] | **April 23, 2015** |
| **Counterclaim Defendant's and Plaintiff's Rebuttal Disclosures Due** | **May 8, 2015** |
| **30-day testimony period for defendant in the counterclaim and rebuttal testimony for plaintiff to close** | **June 22, 2015** |
| **Counterclaim Plaintiff's Rebuttal Disclosures Due** | **July 7, 2015** |
| **15-day rebuttal period for plaintiff in the counterclaim to close** | **August 6, 2015** |
| **Brief for plaintiff due** | **October 5, 2015** |
| **Brief for defendant and plaintiff in the counterclaim due** | **November 4, 2015** |
| **Brief for defendant in the counterclaim and reply brief, if any, for plaintiff due** | **December 4, 2015** |
| **Reply brief, if any, for plaintiff in the counterclaim due** | **December 19, 2015** |

---

[7] Forty-two days remained in the testimony period for Defendant/Counterclaim Plaintiff when the proceeding was suspended on July 7, 2014; therefore, that period has been reset for a period of 42 days.

**IN EACH INSTANCE**, a copy of the transcript of testimony, together with copies of documentary exhibits, must be served on the adverse party **WITHIN THIRTY DAYS** after completion of the taking of testimony. *See* Trademark Rule 2.125, 37 C.F.R. § 2.125.

Briefs shall be filed in accordance with Trademark Rules 2.128(a) and (b), 37 C.F.R. §§ 2.128(a) and (b). An oral hearing will be set only upon request filed as provided by Trademark Rule 2.129, 37 C.F.R. § 2.129.

☼☼☼